IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER KELLY, individual and on Behalf of all others similarly situated, | : | |
| | : | |
| | : | Case No. 2:16-cv-05672-MSG |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| VERIZON PENNSYLVANIA, LLC, VERIZON ONLINE PENNSYLVANIA PARTNERSHIP, and VERIZON PENNSYLVANIA, | : | |
| | : | |
| | : | |
| | : | |
| Defendants | : | |

### ORDER

AND NOW, this _____ day of _____ , 2016, upon consideration of

Plaintiff's Motion to Remand and any response thereto, it is hereby **ORDERED** and **DECREED**

that said Motion is **GRANTED**.

      **IT IS FURTHER ORDERED** that as of this date the above captioned matter is

remanded to the Philadelphia County Court of Common Pleas.

BY THE COURT:

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHRISTOPHER KELLY, individual and on  :
Behalf of all others similarly situated,  :
                                :
                                :       Case No. 2:16-cv-05672-MSG
         Plaintiff,  :
                                :
         v.                     :
                                :
VERIZON PENNSYLVANIA, LLC, VERIZON  :
ONLINE PENNSYLVANIA PARTNERSHIP,  :
and VERIZON PENNSYLVANIA,  :
                                :
         Defendants  :

## PLAINTIFFS' MOTION FOR REMAND

Plaintiff Christopher Kelly, individually and on behalf of all others similarly situated, by and through his attorneys the undersigned, hereby bring this Motion to Remand pursuant to 28 U.S.C. § 1447(c) and, in support thereof, avers the following:

1.       This matter is a class action alleging claims solely pursuant to Pennsylvania state law, including violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-1, *et seq.* ("UTPCPL"), and the Pennsylvania Declaratory Judgments Act, 42 Pa.C.S. §§ 7531, *et seq. See, e.g.,* Plaintiff's Class Action Complaint, a true and correct copy of which is attached hereto, made a part hereof and marked as Exhibit "A," at ¶¶ 65-81.

2.       Plaintiff has been a subscriber to FiOS Quantum services provided by Verizon Pennsylvania, LLC ("Verizon PA"), Verizon Online Pennsylvania Partnership, and Verizon Pennsylvania (collectively, the "Verizon Defendants" or "Verizon") since at least August 2014, and has been leasing two (2) "set-top boxes" from the Verizon Defendants during that time.[1]

---

[1]       Plaintiff has more fully discussed the specifics of the different services offered by Verizon—as well as offered an explanation of technical terms such as "set-top boxes" and "Quantum"—in the

3.      Plaintiff represents a class of Pennsylvania consumers who were exploited by the Verizon Defendants concerning the technical and commercial necessity of leasing multiple "set-top boxes" in order to enjoy Verizon services on multiple televisions.   Specifically, the Verizon Defendants materially and deceptively misled the class by misrepresenting the availability of "third-party equipment alternatives" to its Quantum FiOS customers in Pennsylvania.  *See, e.g.,* Exhibit A at ¶¶ 23-56.

4.      As a result of its deceptive conduct, the Verizon Defendants were able to extract millions of dollars in ill-gotten rental fees from Plaintiff (and the class he represents).  *See, e.g.,* Verizon Defendants' Notice of Removal, a true and correct copy of which is attached hereto, made a part hereof and marked as Exhibit "B," at ¶ 25.

5.      Plaintiff filed the Class Action Complaint in the Philadelphia County Court of Common Pleas on September 28, 2016.

6.      On October 31, 2016, the Verizon Defendants[2] filed a Notice of Removal to this Honorable Court pursuant to 28 U.S.C. §§ 1332, 1446, and 1453.   Specifically, the Verizon

---

Class Action Complaint attached to this filing.  *See, e.g.,* Exhibit A at ¶¶ 1-8.  In the interest of efficiency, we will not duplicate those descriptions here.

[2]      Throughout their Notice of Removal, the Verizon Defendants insist that the named corporate defendant "Verizon Pennsylvania" is some manner of legal fiction conjured from Plaintiff's imagination.  *See, e.g.,* Exhibit B, at ¶ 16 ("A diligent search of Verizon's affiliated corporate records confirms that no unincorporated business entity called 'Verizon Pennsylvania' exists, nor has ever existed, within the Verizon corporate structure.").  Strangely—and despite the aforementioned "diligent efforts" of the defendants—a cursory search of the corporate directory maintained by the Pennsylvania Department of State reveals that "Verizon Pennsylvania" is, in fact, an unincorporated association, registered under the laws of Pennsylvania, and with its business address listed as 1717 Arch Street, Philadelphia, PA 19103.  A copy of this document has been attached to this filing for this Honorable Court's convenience.  *See, e.g.,* Verizon Pennsylvania Business Name History, a true and correct copy of which is attached hereto, made a part hereof and marked as Exhibit "C."  Specifically, "Verizon Pennsylvania" was created on June 27, 2000, remains active as of November 28, 2016, and is currently owned by Verizon Pennsylvania, Inc. (the most-recent successor-name of the listed corporate owner, "Bell Atlantic Pennsylvania, Inc.").

Defendants argue that removal is proper under 28 U.S.C. § 1332(d)(2) of the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, 1711-1715 ("CAFA"). *See, e.g.,* Exhibit B at ¶ 10.

7.     CAFA confers subject matter jurisdiction upon federal courts to adjudicate civil class actions, so long as: (1) the matter in controversy exceeds the sum or value of $5,000,000," the aggregate number of proposed class members is 100 (or more), and any class member is a citizen of a state different from any defendant. *See, e.g.,* 28 U.S.C. § 1332(d).

8.     Although CAFA authorizes federal jurisdiction over class actions even in the absence of "complete" diversity between opposing parties, there is a mandatory exception to such diversity for class-action controversies that are uniquely connected to the state forum in which such action was originally filed. *See, e.g., Vodenichar v. Halcón Energy Properties, Inc.,* 733 F.3d 497, 503 (3d. Cir. 2013) (citing *Kaufman v. Allstate New Jersey Insurance Co.,* 561 F.3d 144, 149 (3d. Cir. 2009)).

9.     This "local controversy" exception to CAFA jurisdiction is enshrined at 28 U.S.C. § 1332(d)(4)(A), and provides a mechanism which "enables State courts to adjudicate truly local disputes involving principal injuries concentrated within the forum State.'" *Vodenichar,* 733 F.3d at 508 n.11.

10.     As distilled by the learned U.S. Court of Appeals for the Third Circuit, the language of Section 1332(d)(4)(A) requires a party seeking to invoke the "local controversy" exception to show that: (1) greater than two-thirds of the putative class are citizens of the state in which the action was originally filed; (2) at least one party-defendant is a citizen of the state in which the action was originally filed (the "local defendant"); (3) the local defendant's conduct forms a significant basis for the claims asserted; (4) plaintiffs are seeking significant relief from the local defendant; (5) the principal injuries occurred in the state in which the action was originally filed; and (6) no other class action asserting the same allegations against any of the defendants has been filed in the preceding three years. *See, e.g., Vodenichar,* 733 F.3d at 506-507.

11.     As is thoroughly and completely discussed in the Memorandum of Law accompanying this filing, Plaintiff's class action fulfills all six of these requirements attendant to invoking the "local controversy" exception to CAFA jurisdiction. *See, e.g.,* Plaintiff's Memorandum of Law in Support of Plaintiff's Motion to Remand.

12.     While the substance of Plaintiff's arguments are fully realized in the accompanying filing, in the briefest terms possible, Plaintiff's argument is as follows: (1) the class, by its very terms, consists solely of Pennsylvania citizens; (2) Verizon PA is a corporate citizen of Pennsylvania under CAFA (as is Verizon Pennsylvania); (3) Verizon PA's conduct forms a "significant basis" of Plaintiff's claims because it was responsible for leasing the at-issue set-top boxes; (4) Plaintiff's claims are "significant" as they exceed $20 million; (5) the "principal injuries" occurred exclusively within Pennsylvania; and (6) no other class actions with similar theories and/or parties have been filed against the Verizon Defendants in the last three years. *Id.*

13.     Consequently, Plaintiff has met all of the requisite thresholds to assert the "local controversy" exception to CAFA jurisdiction.

14.     As the terms of the "local controversy" exception are binding and mandatory upon this Honorable Court, *see, e.g.,* 28 U.S.C. § 1332(d)(4)(A), the above-captioned matter should be rightfully returned to the Philadelphia County Court of Common Pleas.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant the Motion and remand the above-captioned matter to the Philadelphia County Court of Common Pleas.

ANAPOL WEISS

/s/ David S. Senoff
Sol H. Weiss, Esquire (No. 15925)
David S. Senoff, Esquire (No. 65278)
Clayton P. Flaherty, Esquire (No. 319767)

One Logan Square
130 N. 18th Street, Suite 1600

Philadelphia, PA 19103
(215) 383-2745 Phone
(215) 875-7716 Fax
sweiss@anapolweiss.com`
dsenoff@anapolweiss.com
cflaherty@anapolweiss.com

<u>**CERTIFICATE OF SERVICE**</u>

I, David S. Senoff, hereby certify that on this 30th day of November, 2016, I served a true and correct copy of the foregoing Motion to Remand on all counsel of record via the Court's CM/ECF electronic filing system.

<u>/s/ David S. Senoff</u>
David S. Senoff, Esquire