IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER KELLY, individual and on Behalf of all others similarly situated, | : : : |
| Plaintiff, | : Case No. 2:16-cv-05672-MSG : : |
| v. | : : |
| VERIZON PENNSYLVANIA, LLC, VERIZON ONLINE PENNSYLVANIA PARTNERSHIP, and VERIZON PENNSYLVANIA, | : : : : |
| Defendants | : : |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION TO REMAND**

**I.   INTRODUCTION**

This simple and straightforward class action concerns Plaintiff's allegations that Verizon Pennsylvania, LLC ("Verizon PA"), Verizon Online Pennsylvania Partnership, and Verizon Pennsylvania (collectively, the "Verizon Defendants" or "Verizon") have violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-1, *et seq*. ("UTPCPL") by deceptively misrepresenting the state of its technology to its Quantum FiOS[1] customers. Specifically, the Verizon Defendants engaged in deceptive conduct by claiming that its Pennsylvania Quantum FiOS customers were **required** to lease multiple "set-top boxes"[2] (at a premium rate from Verizon) in order to access FiOS programming on multiple televisions. In so doing, the Verizon

---

[1]   For a more-complete discussion of the Verizon Defendant's FiOS network and its related services—as well as an explanation of technical terms like "set-top box" and "Quantum"—please see the relevant paragraphs in Plaintiff's complaint. *See, e.g.*, Plaintiff's Class Action Complaint, a true and correct copy of which is attached hereto, made a part hereof and marked as Exhibit "A," at ¶¶ 1-8.

[2]   A complete description of the form and function of the Verizon Defendants' set-top boxes appears in Plaintiff's complaint. *See, e.g.*, Exhibit A at ¶¶ 2-3.

Defendants obfuscated the availability of "third-party equipment alternatives,"[3] deceptively and confusingly omitted facts which are material to the commercial relationship between the Verizon Defendants and its Pennsylvania customers, and extracted lucrative fees from the putative class. Accordingly, Plaintiff and the class of Pennsylvania citizens that he represents have filed a claim for violations of the UTPCPL, and a claim for a declaratory judgment to that same effect pursuant to 42 Pa.C.S. § 7533. *See*, *e.g.*, Exhibit A at ¶¶ 65-81.

Although the Verizon Defendants have sought removal to this Honorable Court under the auspices of the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, 1711-1715 ("CAFA"), their attempt flatly ignores the uniquely and undeniably local character of Plaintiff's claims. As will be further discussed, *infra*, Plaintiff's class action falls within the "local controversy" exception to federal subject matter jurisdiction under CAFA. *See*, *e.g.*, 28 USCS § 1332(d)(4)(A). As such, it is incumbent upon this Honorable Court to decline jurisdiction, and to remand Plaintiff's class action to the Philadelphia County Court of Common Pleas for proper adjudication.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

As discussed in the Introduction, this class action involves the Verizon Defendants' deceptive and misleading misrepresentations to Plaintiff and the class he represents. Specifically, Plaintiff has alleged colorable claims under the UTPCPL and the Pennsylvania Declaratory Judgments Act that the Verizon Defendants have misled its clientele regarding the availability of "third-party equipment alternatives" that would free its Pennsylvania Quantum customers from the

---

[3]   The gravamen of Plaintiff's claims is that Verizon has materially and deceptively misrepresented the true functionality of its technology by claiming that the only way for its Quantum customers to access FiOS on multiple televisions is to lease multiple "set-top boxes." Plaintiff contends that there are numerous consumer alternatives to leasing multiple set-top boxes from the Verizon Defendants, which are broadly referred to as "third-party equipment alternatives." A thorough discussion of these alternatives appears throughout Plaintiff's state court complaint. *See*, *e.g.*, Exhibit A, at ¶¶ 6 n.1, 38-46.

alleged necessity of leasing multiple "set-top boxes" from the Verizon Defendants (and, thereby, avoid the substantial fees associated with such equipment rentals). *See*, *e.g.*, Exhibit A at ¶¶ 23-56.

On September 28, 2016, Plaintiff filed a Class Action Complaint in the Philadelphia County Court of Common Pleas. On October 31, 2016, the Verizon Defendants[4] filed a Notice of Removal to this Honorable Court pursuant to 28 U.S.C. §§ 1332, 1446, and 1453. This timely remand motion followed.

### III.    QUESTION PRESENTED

Should this Honorable Court decline CAFA jurisdiction pursuant to the "local controversy" exception and remand this class action to the Philadelphia County Court of Common Pleas, as required by 28 U.S.C. § 1332(d)(4)(A) and *Vodenichar v. Halcón Energy Properties, Inc.*, 733 F.3d 497 (3d. Cir. 2013)?

### IV.    ARGUMENT

CAFA provides original subject matter jurisdiction to federal courts over civil class actions that meet certain criteria. *See*, *e.g.*, 28 U.S.C. § 1332(d)(2). As would be expected, the Verizon Defendants have devoted a significant portion of their Notice of Removal addressing the various

---

[4]    Throughout their Notice of Removal, the Verizon Defendants insist that the named corporate defendant "Verizon Pennsylvania" is some manner of legal fiction conjured from Plaintiff's imagination. *See*, *e.g.*, Verizon Defendants' Notice of Removal, a true and correct copy of which is attached hereto, made a part hereof and marked as Exhibit "B," at ¶ 16 ("A diligent search of Verizon's affiliated corporate records confirms that no unincorporated business entity called 'Verizon Pennsylvania' exists, nor has ever existed, within the Verizon corporate structure."). Strangely—and despite the aforementioned "diligent efforts" of the defendants—a cursory search of the corporate directory maintained by the Pennsylvania Department of State reveals that "Verizon Pennsylvania" is, in fact, an unincorporated association, registered under the laws of Pennsylvania, and with its business address listed as 1717 Arch Street, Philadelphia, PA 19103. A copy of this document has been attached to this filing for this Honorable Court's convenience. *See*, *e.g.*, Verizon Pennsylvania Business Name History, a true and correct copy of which is attached hereto, made a part hereof and marked as Exhibit "C." Specifically, "Verizon Pennsylvania" was created on June 27, 2000, remains active as of November 28, 2016, and is currently owned by Verizon Pennsylvania, Inc. (the most-recent successor-name of the listed corporate owner, "Bell Atlantic Pennsylvania, Inc.").

aspects of CAFA subject matter jurisdiction that allegedly exist in this case. *See, e.g.*, Exhibit B at ¶¶ 10-28.  Assuming, *arguendo*, that the Verizon Defendants' recitation of the standards attendant to original jurisdiction under CAFA are correct, their legal conclusion and analysis impermissibly ignores the effect of the **jurisdictional exception** appearing at 28 U.S.C. § 1332(d)(4)(A), which provides as follows:

> A district court **shall** decline to exercise jurisdiction
>
>> (A)(i) over a class action in which—
>>
>>> (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
>>>
>>> (II) at least 1 defendant is a defendant—
>>>
>>>> (aa) from whom significant relief is sought be members of the plaintiff class;
>>>>
>>>> (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
>>>>
>>>> (cc) who is a citizen of the State in which the action was originally filed; and
>>>
>>> (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
>>
>> (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against an of the defendants on behalf of the same or other persons; . . . .

28 U.S.C. § 1332(d)(4)(A) (emphasis added).  This exception to original jurisdiction is generally referred to as the "local controversy" exception, which seeks to "identify a truly local controversy— a controversy that uniquely affects a particular locality to the exclusion of all others . . . and enable[]

State courts to adjudicate truly local disputes involving principal injuries concentrated within the forum State.'" *Vodenichar,* 733 F.3d at 508 n.11.

The U.S. Court of Appeals for the Third Circuit has interpreted the statutory language of Section 1332(d)(4)(A) to place six individual burdens of proof upon parties seeking to establish the "local controversy" exception to CAFA jurisdiction:

> A party seeking to invoke this exception must therefore show that: (1) greater than two-thirds of the putative class are citizens of the state in which the action was originally filed; (2) at least one defendant is a citizen of the state in which the action was originally filed (the "local defendant"); (3) the local defendant's conduct forms a significant basis for the claims asserted; (4) plaintiffs are seeking significant relief from the local defendant; (5) the principal injuries occurred in the state in which the action was originally filed; and (6) no other class action asserting the same or similar allegations against any of the defendants had been filed in the preceding three years.

*Vodenichar*, 733 F.3d at 506-07. "The party seeking to invoke an exception bears the burden of proving by a preponderance of the evidence that the exception applies." *Id.* at 503 (*citing Kaufman v. Allstate New Jersey Insurance Co.*, 561 F.3d 144, 153-54 (3d Cir. 2009). As Plaintiff's substantive discussion below fully elucidates, all six required criteria for the "local controversy" exception are present and cognizable in this case.

    a. <u>**Greater than two-thirds of the putative class Plaintiff represents are Pennsylvania citizens**</u>.

As an initial matter, the "local controversy" exception requires that at least two-thirds of the putative class members be citizens of the forum state. *See, e.g.*, 28 U.S.C. § 1332(d)(4)(A)(i)(I). Instantly, there is no dispute regarding the citizenship of the class Plaintiff seeks to represent—all parties are in agreement that the class is composed solely of Pennsylvania residents. As set forth in Plaintiff's complaint, the class is described as **"[a]ll Pennsylvania residents** who are current or former customers of [the Verizon Defendants], who purchased FiOS with Quantum, and who have paid rental charges of more than one so-called 'set-top' box . . . at any time from September 2011 to

the present." Exhibit A at ¶ 58.  Moreover, the uniform Pennsylvania citizenship of the class undergirds the Verizon Defendants' own arguments regarding diversity jurisdiction under CAFA. *See, e.g.*, Exhibit B at ¶¶ 17-18 (stating that "Plaintiff is a citizen of Pennsylvania" and arguing, by extension, that so are the "other members of the alleged putative class").  Moreover, the Verizon Defendants possess contact information for all putative class members (*i.e.*, Pennsylvania Quantum customers who have leased multiple set-top boxes) and should be able to confirm that at least two-thirds of those putative class members are, in fact, Pennsylvania residents.

As such, the first requirement for the "local controversy" exception has handily been established by the record before this Honorable Court.

> **b. <u>As established by the certified testimony of its own executive, Verizon Pennsylvania, LLC is undeniably a corporate citizen of Pennsylvania</u>.**

Next—and perhaps most importantly—Plaintiff must establish that at least one of the defendants is a citizen of Pennsylvania. *See, e.g.*, 28 U.S.C. § 1332(d)(4)(A)(i)(II)(cc).  In its Notice of Removal, the Verizon Defendants stated the following regarding the citizenship of Verizon PA: "Defendant [Verizon PA] is a Delaware limited liability company, and its sole member is Verizon Communications Inc.  Verizon Communications Inc. is a Delaware corporation with its principal place of business in New York.  Accordingly, Defendant [Verizon PA] is a citizen of Delaware and New York." Exhibit B at ¶ 14.  This statement of citizenship is a flagrant misrepresentation both of the actual corporate character and situs of Verizon PA, and of the standards attendant to determining corporate citizenship before this Honorable Court.  Tellingly, the Verizon Defendants have cited no governing law to support their declaration of citizenship regarding Verizon PA (nor offered any factual basis).  Presumably, Verizon PA expects this Honorable Court to simply take them at their word, and such blind trust would be woefully misplaced.

The citizenship of unincorporated associations under CAFA is a straightforward, statutorily mandated question. Pursuant to CAFA and "[f]or the purposes of **this subsection** . . ., an **unincorporated association** shall be deemed to be a citizen of **the State where it has its principal place of business** and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10) (emphasis added). The Verizon Defendants have made an unsupported claim that Verizon PA is a citizen of Delaware and New York, which does not engage in the appropriate statutory analysis. Without citation or argument, the Verizon Defendants have conflated the citizenship of the alleged sole member organization in Verizon PA with Verizon PA's citizenship—a conclusion that is conclusively belied by the dictates of CAFA. *See, e.g.*, 28 U.S.C. § 1332(d)(10). Rather, the proper inquiry is into: (1) where Verizon PA's "principal place of business" is located; and (2) under what state's law Verizon PA has been organized. *Id.*

Instantly, a corporate readout from the Pennsylvania Department of State indicates that Verizon PA was organized as a limited liability corporation in 2012 under the laws of the State of Delaware. *See, e.g.*, Verizon PA Business Name History, a true and correct copy of which is attached hereto, made a part hereof and marked as Exhibit "D." By way of a proper analysis under 28 U.S.C. § 1332(d)(10), Verizon PA *may* be a citizen of Delaware. However, no officers, owners, or members are listed for Verizon PA, and a corporate address is not provided, either. Based upon this document, alone, it is not possible to determine the location of Verizon PA's "principal place of business." However, Plaintiff's inquiry does not end there.

This case does not represent the first time that the citizenship of Verizon PA has been called into question before the federal courts of this Commonwealth. In fact, just **last year** in *Municipality*

*of Monroeville v. Verizon Pennsylvania LLC, et al.*, Case No. 2:15-CV-01100-DSC, (W.D. Pa. 2015),[5] Verizon PA made wholly different and diametrically opposed claims regarding its corporate citizenship in a case filed by several government municipalities alleging non-payment of franchise fees. Specifically, Verizon PA argued vociferously that it was a citizen of Pennsylvania, stating in matter-of-fact terms that "Verizon PA is a limited liability corporation with its principal place of business **in Pennsylvania**." Verizon PA's Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiffs' Complaint, a true and correct copy of which is attached hereto, made a part hereof and marked Exhibit "E," at 1-2 (arguing against diversity jurisdiction because "all members of the putative class are citizens of Pennsylvania, **as is Verizon PA**." (emphasis added)). In fact, Verizon PA relies upon the identical statutory provision cited herein by Plaintiff: "Verizon PA has its principal place of business in Pennsylvania. . . . **For purposes of CAFA jurisdiction, it is therefore considered a citizen of Pennsylvania**. 28 U.S.C. § 1332(d)(10)." *Id.* at 16.

Verizon PA also buttressed its own claim of Pennsylvania citizenship with a signed and certified affidavit from Verizon PA vice-president Carl E. Erhart, who stated the following regarding the scope and location of Verizon PA's commercial activities, as well as the location of its "principal place of business":

> 4.   Verizon PA provides video, voice and data services **entirely within the Commonwealth of Pennsylvania**, and in no other state.
>
> 5.   Verizon PA is a Limited Liability Corporation formed under the laws of the state of Delaware **with its registered address and principal place of business located at 1717 Arch Street, Philadelphia, Pennsylvania**.

---

[5] "Courts may consider pleadings **as well as evidence that the parties submit** to determine whether subject matter jurisdiction exists or an exception thereto applies." *Vodenichar*, 733 F.3d at 503 n.1 (emphasis added) (*citing Coleman v. Estes Express Lines, Inc.*, 631 F.3d 1010, 1015-17 (9th Cir. 2011) (considering external evidence to determine "citizenship"); *Coffey v. Freeport McMoran Copper & Gold*, 581 F.3d 1240, 1246 (10th Cir. 2009) (looking to the total activity of a company to determine "citizenship")); *see also, e.g.*, F.R.E. 401, 402..

\*   \*   \*

7.     As of the date of the filing of the complaint in this case, August 21, 2015, Verizon PA is party to 341 Cable Franchise Agreements. All of these are with franchising authorities **located entirely within the Commonwealth of Pennsylvania**.

Affidavit of Carl E. Erhart, a true and correct copy of which is attached hereto, made a part hereof and marked Exhibit "F," at 1-2 (emphasis added).

As previously stated, Verizon PA has proffered no factual or legal basis to establish that the citizenship of Verizon PA is actually situated in New York or Delaware. In the absence of such proof, the affidavit from Verizon PA's own executive-level employee stating that Verizon PA's "principal place of business" is located at 1717 Arch Street, Philadelphia, Pennsylvania, constitutes a binding admission of Verizon PA's actual Pennsylvania citizenship. Due to the exclusive and extensive nature of Verizon PA's commercial contacts with Pennsylvania, situating their corporate citizenship in the Commonwealth makes good practical sense, in addition to having the benefit of being the result compelled by the law. Moreover, because Verizon PA is bound by the earlier affidavit of its executive-level employee, the question of its citizenship is well-settled upon the basis of its own certified statements. Verizon PA is a Pennsylvania citizen, which readily satisfies the "local controversy" exception's second prong.[6]

      c. **Verizon PA's conduct forms a "significant basis" of the claims asserted by Plaintiff.**

The "local controversy" exception also requires that the conduct of the local defendant must form a "significant basis" of the claims asserted by Plaintiff. *See*, *e.g.*, 28 U.S.C.

---

[6]     Additionally, Plaintiff also notes that, contrary to Verizon PA's erroneous claims to the contrary, Verizon Pennsylvania is an unincorporated association organized under the laws of **Pennsylvania.** *See*, *e.g.*, *supra* at n.2. As such, Verizon Pennsylvania's citizenship offers an alternative basis for satisfying the second prong of the "local controversy" exception. *See*, *e.g.*, 28 U.S.C. § 1332(d)(10).

1332(d)(4)(A)(i)(II)(bb).  According to Third Circuit precedent, this factor does not require that the local defendant's conduct form the basis of each and every claim asserted.  *See, e.g.*, *Kaufman*, 561 F.3d at 155.  Rather, the judicial focus on this point is on the conduct in which the local defendant allegedly engaged, and the number of people allegedly affected by it.  *See, e.g.*, *Vodenichar*, 733 F.3d at 507.  The basis for Plaintiff's class action is the Verizon Defendants' leasing of multiple set-top boxes to its Pennsylvania Quantum customers, and the misrepresentations that accompanied the execution of those agreements.  In its own Notice of Removal, Verizon PA has as much as admitted that its conduct forms a "significant basis" of the claims asserted by Plaintiff.  *See, e.g.*, Exhibit B at ¶ 12.  Specifically, Verizon PA has stated the following regarding the general scope of its involvement in this controversy:

> **Verizon [PA] has charged more than 100 customers for multiple set-top boxes in connection with residential FiOS Quantum services in Pennsylvania**.  In fact, according to Verizon [PA]'s records, during a portion of the claimed class period, approximately **139,827 customers** leased more than one set-top box in connection with their residential FiOS Quantum services in Pennsylvania.

*Id.*  Here, Verizon PA both admits that it is responsible for leasing arrangements and charging customers in connection with the leasing of "set-top boxes," and states that nearly 140,000 customers have potentially been affected by their conduct.  Verizon PA also goes on to state that it was responsible for leasing "approximately **2,870,014 additional set-top boxes** . . . associated with FiOS Quantum services as Pennsylvania residences" during the applicable time period.  *Id.* at ¶ 23 (emphasis added).  These statements regarding the scope of Verizon PA's activities, as well as its statement regarding the sheer number of Pennsylvania residents affected, is clearly dispositive regarding this third prong of the "local controversy" exception.  *See, e.g.*, *Vodenichar*, 733 F.3d at 507.

        d. **Plaintiff and the putative class are seeking "significant relief" from Verizon PA.**

Under the fourth prong set forth by *Vodenichar* and the United States Code, Plaintiff must establish that he and the putative class are seeking "significant relief" from Verizon PA. *See*, *e.g.*, 28 U.S.C. 1332(d)(4)(A)(i)(II)(aa). Once again, Verizon PA's own representations on this point handily establish that the amount-in-controversy is "significant" for the purposes of the "local controversy exception." Utilizing a small sample of the class period implicated by Plaintiff's claims, Verizon PA states the following regarding the monetary scope of this case:

> According to Verizon [PA]'s records, during the period December 2015 through September 2016 (a portion of the putative class period), Verizon [PA] leased approximately 2,870,014 additional set-top boxes (excluding the first set-top box), month over month, associated with FiOS Quantum services at Pennsylvania residences. Because Plaintiff alleges that customers were charged $10.00 per month for each additional set[-]top box, **the amount in controversy exceeds approximately $20,700,140.**

Exhibit B at ¶ 25; *see also*, *e.g.*, Exhibit A at ¶¶ 22, 36. As set forth by Verizon PA's own filing, the amount in controversy in this case **exceeds $20 million**, and, as such, certainly qualifies as "significant relief." The fourth prong has also been met.

  e. **The "principal injuries" inflicted upon Plaintiff and the putative class occurred exclusively within the Commonwealth of Pennsylvania.**

In the penultimate prong, Plaintiff must establish that the "principal injuries" of this controversy occurred in Pennsylvania. *See*, *e.g.*, 28 U.S.C. 1332(d)(4)(A)(i)(III). By the very terms of Plaintiff's Class Action Complaint, and for the purposes of this lawsuit, the "principal injuries" of this case (*i.e.*, the erroneous and deceptive extraction of unnecessary leasing fees) occurred exclusively within the Commonwealth of Pennsylvania and, for the purposes of this lawsuit, exclusively affected Pennsylvanians. *See*, *e.g.*, Exhibit A at ¶¶ 58-59 (stating that the claims in this case are restricted to "[t]he proposed class of Pennsylvania citizens who purchased FiOS and Quantum from Verizon"). Moreover, the previously cited affidavit of Verizon PA vice-president

Carl E. Erhart confirms that those activities of Verizon PA forming the basis of this lawsuit are exclusively restricted to Pennsylvania.  *See, e.g.*, Exhibit F at ¶ 4 ("Verizon PA provides video, voice and data services **entirely within the Commonwealth of Pennsylvania**, and in no other state." (emphasis added)).  No injuries relevant to this lawsuit occurred outside of Pennsylvania.  Consequently, the fifth prong is satisfied.

  **f.** **No other class action asserting the same or similar allegations against Verizon PA has been filed within the preceding three years.**

The final requirement under the "local controversy" exception requires that no other class action asserting the same or similar allegations against any of the defendants be filed in the preceding three years.  *See, e.g.*, 28 U.S.C. § 1332(d)(4)(A)(ii).  The U.S. Court of Appeals for the Third Circuit has interpreted this requirement as follows:

> CAFA does not define what constitutes an "other class action" other than to limit it to filed cases asserting similar factual allegations against a defendant.  The goals of the statute, however, provide guidance.  In enacting CAFA, Congress recognized the benefits of having one federal forum to adjudicate multiple cases filed in various courts against a defendant. . . .  To this end, the statute seeks to control the impact of multiple class actions filed by different members of the same class against a defendant by providing a single forum to resolve similar claims.
>
>    *  *  *
>
> In short, Congress wanted to ensure that defendants did not face copycat, or near copycat, suits in multiple forums and hence excluded from the local controversy exception cases where a defendant was named in multiple similar cases. . . .  The inquiry is whether similar factual allegations have been made against the defendant in multiple class actions—and hence they are facing separate, distinct lawsuits—without regard to the procedural posture of the earlier filed cases or whether the putative classes in the cases overlap, their claims arise from an identical event, or involve the same causes of action or legal theories.
>
>    *  *  *
>
> Furthermore, this is not a copycat situation where the defendants face similar class actions brought by different named plaintiffs and different counsel in different forums.

*Vodenichar*, 733 F.3d at 508-09. Plaintiff and the undersigned have not filed a separate or distinct class action against the Verizon Defendants within the last three years. Moreover, even if a separate-yet-similar lawsuit *had* been filed in a different forum, by different counsel, and with a different plaintiff, the holding in *Vodenichar* makes clear that will not undermine the applicability of the "local controversy" exception. *Id.* at 509.

Plaintiff has satisfied all six of the underlying requirements to establish the "local controversy" exception to CAFA. Accordingly, no federal subject matter jurisdiction exists for this Honorable Court to further entertain this matter, and remand is imperative pursuant to CAFA. *See*, *e.g.*, 28 U.S.C. § 1332(d)(4).

V. **CONCLUSION**

For all of the foregoing reasons, Plaintiff respectfully requests that this Honorable Court grant Plaintiff's Motion to Remand, and remand this matter to the Philadelphia County Court of Common Pleas.

Respectfully submitted,

ANAPOL WEISS

/s/ David S. Senoff
Sol H. Weiss, Esquire (No. 15925)
David S. Senoff, Esquire (No. 65278)
Clayton P. Flaherty, Esquire (No. 319767)

One Logan Square
130 N. 18th Street, Suite 1600
Philadelphia, PA 19103
(215) 383-2745 Phone
(215) 875-7716 Fax
sweiss@anapolweiss.com
dsenoff@anapolweiss.com
cflaherty@anapolweiss.com

Dated: November 30, 2016

## **CERTIFICATE OF SERVICE**

I, David S. Senoff, hereby certify that on this 30th day of November, 2016, I served a true and correct copy of the foregoing Memorandum of Law in Support of Plaintiff's Motion to Remand on all counsel of record via the Court's CM/ECF electronic filing system.

/s/ David S. Senoff
David S. Senoff, Esquire
