IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER KELLY, individual and on Behalf of all others similarly situated, | : : : : : : : : : : : : : | Case No. 2:16-cv-05672-MSG |
| Plaintiff, | | |
| v. | | |
| VERIZON PENNSYLVANIA, LLC, VERIZON ONLINE PENNSYLVANIA PARTNERSHIP, and VERIZON PENNSYLVANIA, | | |
| Defendants | | |

## ORDER

AND NOW, this _____ day of _____ , 2017, upon consideration of Plaintiff's Motion for Leave to Take Jurisdictional Discovery and any response thereto, it is hereby **ORDERED** and **DECREED** that said Motion is **GRANTED**.

    **IT IS FURTHER ORDERED** that Plaintiff may serve the Jurisdictional Discovery appended to his Motion as Exhibit "G" upon the Verizon Defendants, and that such discovery must be completed within sixty (60) days.

BY THE COURT:

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER KELLY, individual and on Behalf of all others similarly situated, : : : Plaintiff, : : v. : : VERIZON PENNSYLVANIA, LLC, VERIZON ONLINE PENNSYLVANIA PARTNERSHIP, and VERIZON PENNSYLVANIA, : : : : Defendants : | Case No. 2:16-cv-05672-MSG |

**PLAINTIFFS' MOTION FOR LEAVE TO TAKE JURISDICTIONAL DISCOVERY**

Plaintiff Christopher Kelly, individually and on behalf of all others similarly situated, by and through his attorneys the undersigned, hereby bring this Motion for Leave to Take Jurisdictional Discovery upon Defendants Verizon Pennsylvania, LLC ("Verizon PA"), Verizon Online Pennsylvania Partnership, and Verizon Pennsylvania, (collectively, "Verizon" or "Verizon Defendants") regarding claims made by Verizon in their Brief in Opposition to Plaintiff's Motion to Remand. In support thereof, Plaintiff avers the following:

1. This matter is a class action alleging claims brought solely pursuant to Pennsylvania law, including violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-1, *et seq.* ("UTPCPL"), and the Pennsylvania Declaratory Judgments Act, 42 Pa.C.S. §§ 7531, *et seq. See, e.g.,* Plaintiff's Class Action Complaint, a true and correct copy of which is attached hereto, made a part hereof, and marked as Exhibit "A," at ¶¶ 65-81.

2. Plaintiff represents a class of Pennsylvania citizens who were exploited by Verizon concerning the technical and commercial necessity of leasing multiple "set-top boxes" in order to enjoy Verizon services on multiple televisions. Specifically, Verizon deceptively misled the class by

misrepresenting the availability of "third-party equipment alternatives" to its Quantum FiOS customers in Pennsylvania.[1]  *See, e.g.*, Exhibit A at ¶¶ 23-56.

3. As a result of its deceptive conduct, the Verizon Defendants were able to extract millions of dollars in rental fees from Plaintiff (and the class he represents).  *See, e.g.*, Verizon Defendants' Notice of Removal, a true and correct copy of which is attached hereto, made a part hereof, and marked as Exhibit "B," at ¶ 25.  In fact, Verizon has already stated with particularity and specificity that they are readily able to identify the number of potential claimants implicated by Plaintiff's case.  *Id.* at ¶ 12 (stating that "during a partition of the claimed class period, approximately **139,827** customers leased more than one set-top box in connection with their residential FiOS Quantum services in Pennsylvania" (internal footnote omitted)).

4. On September 28, 2016, Plaintiff filed the Class Action Complaint in the Philadelphia County Court of Common Pleas.

5. On October 31, 2016, the Verizon Defendants filed a Notice of Removal to this Honorable Court pursuant to 28 U.S.C. §§ 1332, 1446, and 1453.  Specifically, the Verizon Defendants argue that removal is proper under 28 U.S.C. § 1332(d)(2) of the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, 1711-1715 ("CAFA").[2]  Exhibit "B" at ¶ 10.  In that filing, Verizon alleged that Verizon PA is a corporate citizen of Delaware and New York.  *Id.* at ¶ 14.

6. On November 30, 2016, Plaintiff filed a Motion to Remand citing the mandatory "local controversy" exception to CAFA for class-action controversies that are uniquely connected to

---

[1] Plaintiff has more fully discussed the specifics of the different services offered by Verizon—as well as offered an explanation of technical terms such as "set-top boxes" and "Quantum"—in the bevity, we will not duplicate those descriptions here.

[2] As a basic proposition, CAFA confers subject matter jurisdiction upon federal courts to adjudicate civil class actions, so long as the matter in controversy exceeds the sum or value of $5,000,000," the aggregate number of proposed class members is 100 (or more), and any class member is a citizen of a state different from any defendant.  *See, e.g.*, 28 U.S.C. § 1332(d).  As will be discussed further, *infra*, numerous exceptions and burdens of proof attend that grant of jurisdiction.

the state forum in which such action was originally filed. *See*, *e.g.*, 28 U.S.C. § 1332(d)(4)(A); *see also*, *e.g.*, *Vodenichar v. Halcón Energy Properties, Inc.*, 733 F.3d 497, 503 (3d. Cir. 2013).[3] On the same day, Plaintiff also filed a Memorandum of Law supporting the relief requested in the Motion to Remand. *See*, *e.g.*, Plaintiff's Memorandum of Law in Support of Plaintiff's Motion to Remand, a true and correct copy of which is attached hereto, made a part hereof, and marked Exhibit "C."

7. In brief, the substance of Plaintiff's arguments regarding CAFA's local controversy exception were as follows: (1) the class consists solely of Pennsylvania citizens; (2) Verizon PA is a corporate citizen of Pennsylvania under CAFA (as is Verizon Pennsylvania);[4] (3) Verizon PA's conduct forms a "significant basis" of Plaintiff's claims because it was responsible for the deceptive conduct that accompanied the leasing of the at-issue set-top boxes; (4) Plaintiff's claims are "significant" as they exceed $20 million; (5) the "principal injuries" occurred exclusively within Pennsylvania; and (6) no other class actions with similar theories and/or parties have been filed against the Verizon Defendants in the last three years. *Id.*

8. On January 6, 2017, the Verizon Defendants filed a Brief in Opposition to Plaintiff's Motion to Remand, challenging Plaintiff's assertion of the local controversy exception to CAFA by claiming that "this action was properly removed to federal court and must proceed in federal court

---

[3] As distilled by the learned United States Court of Appeals for the Third Circuit, the language of Section 1332(d)(4)(A) requires a party seeking to invoke the "local controversy" exception to show that: (1) greater than two-thirds of the putative class are citizens of the state in which the action was originally filed; (2) at least one party-defendant is a citizen of the state in which the action was originally filed (the "local defendant"); (3) the local defendant's conduct forms a significant basis for the claims asserted; (4) plaintiffs are seeking significant relief from the local defendant; (5) the principal injuries occurred in the state in which the action was originally filed; and (6) no other class action asserting the same allegations against any of the defendants has been filed in the preceding three years. *See*, *e.g.*, *Vodenichar*, 733 F.3d at 506-507.

[4] In Plaintiff's Motion to Remand, sworn testimony offered by a corporate officer of Verizon PA pursuant to the pains and penalties of perjury was adduced demonstrating that Verizon PA is a corporate citizen of Pennsylvania. *See*, *e.g.*, Exhibit "C." Quizzically, and despite the imperative importance of citizenship in the context of CAFA jurisdiction, Verizon has offered no substantive response to Plaintiff's arguments regarding its Vice President, Carl E. Erhart's, sworn testimony.

3

**unless Plaintiff satisfies his burden to prove than an exception applies** . . . ." Verizon's Brief in Opposition to Plaintiff's Motion to Remand, a true and correct copy of which is attached hereto, made a part hereof, and marked Exhibit "D," at 4.

9.  Briefly summarized, Verizon's arguments challenged only two aspects of Plaintiff's allegations regarding the local controversy exception, including: (1) that a hyper-technical review of one sentence in Plaintiff's Class Action Complaint should undercut Plaintiff's surpassingly reasonable claim regarding the citizenship of putative Class members, *id.* at 6-13; and (2) that a corporate successor-in-interest ("Verizon Online, LLC") allegedly bears sole liability for Verizon's deceptive and misleading inducement of Plaintiff and the class he represents. *Id.* at 13-16.

10.  Regarding the citizenship of the putative Class members in this controversy, Plaintiff's Class Action Complaint defines the Class as "[a]ll Pennsylvania residents who are current or former customers of [Verizon] . . . ." Exhibit "A" at ¶ 58. However, in the very next paragraph, Plaintiff refers to "[t]he proposed class of Pennsylvania **citizens** who purchased FiOS and Quantum," and has evinced a clear intent to restrict the bounds of the putative Class in this case to include solely Pennsylvania residents.

11.  Citing a smattering of cases, Defendants now contend—talismanically—that Plaintiff's use of the word "residents" described above should somehow operate as an absolute bar to this Court considering Plaintiff's assertion of the local controversy exception. *See, e.g.*, Exhibit "D" at 8-10 ("Motions to remand based on CAFA exceptions should be denied where the moving party fails to proffer such evidence.") (*citing Jones v. EEG, Inc.*, 2016 U.S. Dist. LEXIS 51397, at *2-*3 (E.D. Pa. 2016); *Schwartz v. Comcast Corp.*, 2006 U.S. Dist. LEXIS 7499, at *3 (E.D. Pa. 2006) ("*Schwartz II*").

12.  Plaintiff will more-completely respond to the arguable legal bases for Verizon's oppositional claims in a forthcoming response that is currently due on January 20, 2017. However,

4

assuming, *arguendo*, that Verizon's basic premise regarding the need for Plaintiff to adduce additional evidence regarding the citizenship of the putative Class members is true, the Verizon Defendants have impermissibly distorted this Honorable Court's precedent regarding proofs of citizenship in the context of CAFA exceptions. Specifically, the very same cases that Verizon has cited to support its arguments unambiguously indicate that the proper procedural posture in this context is **not** outright denial of Plaintiff's Motion to Remand, but prompt jurisdictional discovery upon Verizon's corporate records. *See, e.g., Schwartz v. Comcast Corp.*, 2005 U.S. Dist. LEXIS 15396, at *26 (E.D. Pa. 2005) ("*Schwartz I*") ("In the instant case, [the corporation-defendant] has control over the information that would establish the citizenship of the various members of [plaintiff's] proposed class. I will, therefore, allow [plaintiff] to engage in limited discovery with respect to this jurisdictional question."); *Jones*, 2016 U.S. Dist. LEXIS 51397, at *1-*2, *5-*6 (indicating that a judicial determination of the adequacy of Class citizenship only took place following "jurisdictional discovery" upon the corporation-defendant); *Schwartz II*, 2006 U.S. Dist. LEXIS 7499, at *2-*3 (indicating that the court reached a final determination regarding the adequacy of Class citizenship following jurisdictional discovery, which even permitted plaintiff to amend existing interrogatories).

13. Additional precedent from the United States Court of Appeals for the Third Circuit confirms that jurisdictional discovery is not only permitted, but favored in addressing controversies that implicate questions regarding this Honorable Court's adjudicative authority under CAFA and the exceptions thereto. *See, e.g., Vodenichar v. Halcon Energy Props.*, 2013 U.S. Dist. LEXIS 49111, at *11-*12 (W.D. Pa. 2013) (holding that plaintiff adduced sufficient proof that two-thirds of the Class were citizens of Pennsylvania by sampling every twenty-fifth person on a list of potential Class members and comparing names to a voter registration database), *aff'd*, 733 F.3d 497 (3d Cir. 2013).

14. The standard for granting jurisdictional discovery is well-established and favors Plaintiff's arguments. *See, e.g., Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003)

("[C]ourts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.' . . . If a plaintiff presents factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between [the party] and the forum state,' . . . the plaintiff's right to conduct jurisdictional discovery should be sustained.") (*quoting Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992); *Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997)). Indeed, "[t]he Supreme Court instructs that 'where issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues.'" *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 336 (3d Cir. 2009) (*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978)).

15. Moreover, jurisdictional discovery is particularly appropriate where the defendant is a corporation (like the Verizon Defendants). *See, e.g.*, *Metcalfe*, 566 F.3d at 336 ("[W]e have found jurisdictional discovery particularly appropriate where the defendant is a corporation."). By the same token, the Third Circuit has also noted approvingly precedent from the United States Court of Appeals for the First Circuit that permits "full discovery" in this specific context. *See, e.g.*, *Compagnie Des Bauxites de Guinee v. L'Union Atlantique S.A. D'Assurances*, 723 F.2d 357, 362 (3d Cir. 1983) (*quoting Surpitski v. Hughes-Keenan Corp.*, 362 F.2d 254, 255-56 (1st Cir. 1966) ("A plaintiff who is a total stranger to a corporation should not be required . . . to try such an issue on affidavits without the benefit of full discovery . . . . [P]laintiff was certainly entitled to file such further interrogatories as were reasonably necessary and, if he wished, to take depositions."))

16. Instantly, the terms of Plaintiff's Class Action Complaint regarding residency easily qualifies as a "reasonable" suggestion that the putative Class meets the citizenship requirements of

the local controversy exception such that this Honorable Court should permit jurisdictional discovery to begin with all deliberate speed.[5,6]

17. Additionally, the claims that the Verizon Defendants have advanced regarding both the corporate character of Verizon Online, LLC and the corporate citizenship of Verizon PA also require jurisdictional discovery to alleviate ongoing conflicts and potential ambiguities regarding Verizon's and Plaintiff's differing averments on those matters.

18. The conflict regarding the actual and proper corporate citizenship of Verizon PA stems from Verizon's initial and unsupported claim in its Notice of Removal that Verizon PA is a citizen of Delaware and New York. *See*, *e.g.*, Exhibit "B" at ¶ 14. Yet, as demonstrated by Plaintiff's

---

[5] By its very terms, the class definition set forth in Plaintiff's Class Action Complaint restricts the members of the Class to Pennsylvania residents. *See*, *e.g.*, Exhibit "A" at ¶ 58. While not necessarily dispositive on its own, residency is considered both *prima facie* evidence of domicile, *see*, *e.g.*, *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) (*citing District of Columbia v. Murphy*, 314 U.S. 441 (1941)), and also creates a rebuttable presumption of citizenship. *See*, *e.g.*, *Anthony v. Small Tube Mfg. Corp.*, 535 F. Supp. 2d 506, 515 (E.D. Pa. 2007) ("[T]he place where an individual lives creates a rebuttable presumption of domicile.") (*citing Murphy*, 314 U.S. at 455).

[6] In their Brief in Opposition, the Verizon Defendants assert that they should not have to provide customer information in order to permit Plaintiff to establish the residency of putative Class members because that information, alone, is allegedly not dispositive. *See*, *e.g.*, Exhibit "D" at 12 (*citing Jones*, 2016 U.S. Dist. LEXIS 51397, at *5). Verizon's pre-emptive attempts to foreclose proper jurisdictional discovery is deeply unavailing and finds no purchase in the precedent that they rely upon. *See*, *e.g.*, *Jones*, 2016 U.S. Dist. LEXIS 51397, at *1-*2, *5-*6 (establishing that a judicial determination regarding jurisdiction took place **after** discovery). Plaintiff does not intend for the residential information that is exquisitely and uniquely in the possession of Verizon to stand as proof of the putative Class' citizenship on its own but, rather, to form the basis of Plaintiff's jurisdictional inquiries via sampling, a statistical method of evaluation that has been specifically endorsed by the Third Circuit in the context of CAFA. *See*, *e.g.*, *Vodenichar*, 2013 U.S. Dist. LEXIS 49111, at *11-*12 (endorsing sampling of residential data and comparison to voting registration data to establish citizenship pursuant to the local controversy exception to CAFA), *aff'd*, 733 F.3d 497 (3d Cir. 2013); *see also*, *e.g.*, *Jones*, 2016 U.S. Dist. LEXIS 51379, at *9-*11, n.17 (holding that "a proper sampling technique" may be utilized to establish citizenship) (*citing Vodenichar*, 733 F.3d 497, 507 (concluding that sampling had adequately demonstrated that "there is no dispute that more than two-thirds of the class members are citizens of Pennsylvania."). Specifically, it is Plaintiff's intention to utilize the residential information to be provided by Verizon as the basis for determining citizenship based on the factors endorsed for the determination of domicile. Disgorgement of Verizon's records is merely the initial step required for Plaintiff to establish the applicability of the local controversy exception, **not** Plaintiff's final offer of proof. There is no legitimate basis for Verizon to oppose such a request since there is literally no alternative source for the information.

subsequent arguments, there is contrary convincing evidence from a corporate officer that Verizon PA is actually a citizen of Pennsylvania for the purposes of CAFA. *See*, *supra* at n.4; Exhibit "C."

19. As this citizenship argument has potentially dispositive bearing upon both Verizon's claim of CAFA jurisdiction and Plaintiff's assertion of the local controversy exception thereto, Plaintiff requests jurisdictional discovery. Plaintiff respectfully submits that the affidavit of Vice-President Erhart serves as the initial "reasonable" indication that Plaintiff's factual assertions have the required modicum of merit. This request is made all the more imperative as the Verizon Defendants have flatly ignored Plaintiff's argument on this point in their response to the pending Motion to Remand, meaning Plaintiff's claim regarding Verizon PA's citizenship may evade initial review but will serve to later delay proceedings, unnecessarily.

20. Lastly, the Verizon Defendants have also challenged Plaintiff's assertion that Verizon PA's conduct forms a "significant basis" of Plaintiff's claims by arguing that a corporate successor-in-interest, Verizon Online, LLC, should bear sole responsibility because it allegedly: (1) is the sole owner of Verizon's set-top boxes; (2) is the sole recipient of revenue from Verizon's set-top boxes; and (3) is the sole lessor of Verizon's set-top boxes. *See*, *e.g.*, Exhibit "D" at 13. Verizon buttresses their claim on this point via the certification of Assistant Secretary J. Daniel Mason, a true and correct copy of which is attached hereto, made a part hereof, and marked Exhibit "E."[7]

---

[7] In addition to the certification of J. Daniel Mason, Verizon also submitted three separate certifications attached to its pending Motion to Stay and Compel Arbitration, a true and correct copy of which is attached hereto, made a part hereof, and marked Exhibit "F." These certifications were prepared by Manager Cindy Cumba-Ruiz (who testified regarding the scope of Verizon's alleged Terms of Service), Senior Manager Douglas Collins (who testified regarding Verizon's business practices and the circumstances attendant to Plaintiff's alleged execution of the Terms of Service and completion of an online application for Verizon services), and Assistant Secretary Veronica C. Glennon (who testified regarding the scope of activities conducted by both Verizon Online, LLC and Verizon PA). *See*, *e.g.*, *id.* These individuals and the binding averments they have made also have significant bearing upon Verizon's arguments regarding the respective corporate characters of Verizon Online, LLC and Verizon PA. *Id.*

21. As an initial matter, Verizon's argument on this point betrays a fundamental misunderstanding of Plaintiff's claims, which do not depend merely upon the leasing of the set-top boxes, but, rather, implicate Verizon's systematic deception that attended their customers' respective decisions to begin leasing multiple set-top boxes. The lease agreements that Verizon Online, LLC purports to exercise exclusive purview over are not the foundation of Plaintiff's UTPCPL claims, but merely the result of Verizon's deceptive conduct. *See*, *e.g.*, Exhibit "A" at ¶ 53 ("Verizon's deceptive conduct took the form of Verizon's **representations**, primarily and by-and-through its employees and/or agents. Customers wishing to purchase FiOS service were required to lease multiple set-top boxes in order to access FiOS programming on multiple televisions. In so doing, Verizon deceptively obfuscated the state of its technology, obscured the availability of third-party equipment alternatives, and collective lucrative fees at the expense of its clientele.").

22. Plaintiffs cause of action depends, not upon which corporate actor was ultimately responsible for administering the leases, but upon which corporate actor was responsible for inducing Verizon Quantum customers to enter into those leases in the first place. Verizon's averments regarding Verizon Online, LLC do **not** touch upon that particular issue for the purposes of Plaintiff's arguments seeking to establish the threshold "significant basis" with regard to Verizon PA and, accordingly, jurisdictional discovery is warranted to resolve the question.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant the Motion and permit Plaintiff to serve the Jurisdictional Discovery appended to this Motion, a true and correct copy of which is attached hereto, made a part hereof, and marked Exhibit "G."

                                           ANAPOL WEISS

                                           /s/ David S. Senoff
                                           Sol H. Weiss, Esquire (No. 15925)
                                           David S. Senoff, Esquire (No. 65278)
                                           Clayton P. Flaherty, Esquire (No. 319767)

One Logan Square  
130 N. 18th Street, Suite 1600  
Philadelphia, PA 19103  
(215) 383-2745 Phone  
(215) 875-7716 Fax  
sweiss@anapolweiss.com  
dsenoff@anapolweiss.com  
cflaherty@anapolweiss.com  

Dated: January 17, 2017