IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER KELLY, individual and on Behalf of all others similarly situated, : : : : Plaintiff, : : v. : : VERIZON PENNSYLVANIA, LLC, VERIZON : ONLINE PENNSYLVANIA PARTNERSHIP, : and VERIZON PENNSYLVANIA, : : Defendants : | Case No. 2:16-cv-05672-MSG |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR LEAVE TO TAKE JURISDICTIONAL DISCOVERY**

I.  **INTRODUCTION**

This simple and uncomplicated class action concerns Plaintiff's allegations that Verizon Pennsylvania, LLC ("Verizon PA"), Verizon Online Pennsylvania Partnership, and Verizon Pennsylvania (collectively, the "Verizon Defendants" or "Verizon") have violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-1, *et seq.* ("UTPCPL") by deceptively misrepresenting the state of its technology to its Quantum FiOS customers during customers' acquisition of service.[1]  Although the Verizon Defendants sought removal to this Honorable Court under the auspices of the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, 1711-1715 ("CAFA"), Plaintiff has argued that this class action falls within the "local controversy" exception to federal subject matter jurisdiction under CAFA. *See*, *e.g.*, 28 USCS § 1332(d)(4)(A).  Now, in its Brief in Opposition to Plaintiff's Motion to Remand, a true and correct copy of which is attached hereto, made a part hereof, and marked Exhibit "B," Verizon has sought

---

[1] For complete discussion of the Verizon Defendant's FiOS network and its related services— as well as an explanation of technical terms like "set-top box" and "Quantum"—please see the relevant paragraphs in Plaintiff's complaint.  *See*, *e.g.*, Plaintiff's Class Action Complaint, a true and correct copy of which is attached hereto, made a part hereof and marked as Exhibit "A," at ¶¶ 1-8.

to undermine Plaintiff's arguments that the exception should be applicable.  Although Verizon seeks immediate denial of Plaintiff's Motion to Remand, Plaintiff submits that binding precedent, procedural considerations, and justice demand that jurisdictional discovery—not dismissal—is the appropriate response to Verizon's arguments.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's class action involves the Verizon Defendants' deceptive and misleading misrepresentations to Plaintiff and the class he represents.  Specifically, Plaintiff has alleged colorable claims under the UTPCPL and the Pennsylvania Declaratory Judgments Act that the Verizon Defendants have misled its clientele regarding the availability of "third-party equipment alternatives" that would free its Pennsylvania Quantum customers from the alleged necessity of leasing multiple "set-top boxes" from the Verizon Defendants (and, thereby, avoid the substantial fees associated with such equipment rentals).  *See*, *e.g.*, Exhibit A at ¶¶ 23-56.

On September 28, 2016, Plaintiff filed a Class Action Complaint in the Philadelphia County Court of Common Pleas.  On October 31, 2016, the Verizon Defendants filed a Notice of Removal to this Honorable Court pursuant to 28 U.S.C. §§ 1332, 1446, and 1453, a true and correct copy of which is attached hereto, made a part hereof, and marked Exhibit "C."  On November 30, 2016, Plaintiff filed a Motion to Remand citing the mandatory "local controversy" exception to CAFA jurisdiction.  *See*, *e.g.*, 28 U.S.C. § 1332(d)(4)(A).[2]  The same day, Plaintiff also filed a Memorandum

---

[2]  As distilled by the United States Court of Appeals for the Third Circuit, the language of Section 1332(d)(4)(A) requires a party seeking to invoke the "local controversy" exception to show that: (1) greater than two-thirds of the putative class are citizens of the state in which the action was originally filed; (2) at least one party-defendant is a citizen of the state in which the action was originally filed (the "local defendant"); (3) the local defendant's conduct forms a significant basis for the claims asserted; (4) plaintiffs are seeking significant relief from the local defendant; (5) the principal injuries occurred in the state in which the action was originally filed; and (6) no other class action asserting the same allegations against any of the defendants has been filed in the preceding three years.  *See*, *e.g.*, *Vodenichar v. Halcón Energy Properties, Inc.*, 733 F.3d 497, 506-507 (3d Cir. 2013).

of Law in Support of Plaintiff's Motion to Remand, a true and correct copy of which is attached hereto, made a part hereof, and marked Exhibit "D."[3]

On January 6, 2017, the Verizon Defendants filed their Brief in Opposition to Plaintiff's Motion to Remand. *See, e.g.*, Exhibit "B." Therein, Verizon advanced two separate arguments challenging Plaintiff's assertion of the local controversy exception to CAFA jurisdiction, including: (1) that a hyper-technical review of one sentence in Plaintiff's Class Action Complaint should completely undercut Plaintiff's surpassingly reasonable claim regarding the citizenship of putative Class members, *id.* at 6-13; and (2) that a corporate successor-in-interest ("Verizon Online, LLC") should allegedly bear sole liability for Verizon's deceptive and misleading inducement of Plaintiff and the class he represents. *Id.* at 13-16.

This motion to effectuate prompt jurisdictional discovery followed.

### III. QUESTION PRESENTED

Should this Honorable Court permit jurisdictional discovery to resolve the various issues related to CAFA jurisdiction and the local controversy exception thereto raised by the parties respective averments?

### IV. ARGUMENT

The standards attendant to jurisdictional discovery are well-established under the jurisprudence of the United States Court of Appeals for the Third Circuit:

---

[3] In brief summation, the substance of Plaintiff's arguments regarding CAFA's local controversy exception were as follows: (1) the class consists solely of Pennsylvania citizens; (2) Verizon PA is a corporate citizen of Pennsylvania under CAFA (as is Verizon Pennsylvania);[3] (3) Verizon PA's conduct forms a "significant basis" of Plaintiff's claims because it was responsible for the deceptive conduct that accompanied the leasing of the at-issue set-top boxes; (4) Plaintiff's claims are "significant" as they exceed $20 million; (5) the "principal injuries" occurred exclusively within Pennsylvania; and (6) no other class actions with similar theories and/or parties have been filed against the Verizon Defendants in the last three years.

3

> [C]ourts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.' *Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997).  If a plaintiff presents factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between [the party] and the forum state,' *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992), the plaintiff's right to conduct jurisdictional discovery should be sustained.

*Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003).  Indeed, binding precedent from the Supreme Court cited recently by the Third Circuit indicates that jurisdictional discovery is readily available to elucidate issues related to jurisdiction and venue.  *See*, *e.g.*, *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 336 (3d Cir. 2009) (*quoting Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978) ("[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues.")).

Jurisprudence on this issue also favors plaintiffs seeking discovery against a defendant-corporation, recognizing the plight of such petitioners when faced with the intractable and intricate bureaucracies of such organizations.  *See*, *e.g.*, *Metcalfe*, 566 F.3d at 336 ("[W]e have found jurisdictional discovery particularly appropriate where the defendant is a corporation . . . .").  In *Compagnie Des Bauxites de Guinee v. L'Union Atlantique S.A. D'Assurances*, 723 F.2d 357 (3d Cir. 1983), the Third Circuit explicitly adopted a concomitant holding from the United States Court of Appeals for the First Circuit, discussing the rationale as follows:

> "'A plaintiff who is a total stranger to a corporation should not be required . . . to try such an issue on affidavits without the benefit of full discovery. . . . [I]n such event plaintiff was certainly entitled to file such further interrogatories as were reasonably necessary and, if he wished, to take depositions.'"

723 F.2d at 362 (*quoting Surpitski v. Hughes-Keenan Corp.*, 362 F.2d 254, 255-56 (1st Cir. 1966)).

In addition to this precedent that generally endorses and permits plaintiffs to engage in jurisdictional discovery, there is also Third Circuit precedent (and case law from this Honorable Court, in particular) that also support and compel jurisdictional discovery in the specific context of

4

CAFA. *See, e.g., Schwartz v. Comcast Corp.*, 2005 U.S. Dist. LEXIS 15396, at *26 (E.D. Pa. 2005) ("*Schwartz I*") (ordering defendant-corporation to submit to jurisdictional discovery where evidence speaking to jurisdictional issues was undeniably in its possession); *Jones v. EEG, Inc.*, 2016 U.S. Dist. LEXIS 51397, at *1-*2, *5-*6 (E.D. Pa. 2016) (indicating that a judicial determination of the adequacy of Class citizenship only took place following "jurisdictional discovery" upon the corporation-defendant); *Schwartz v. Comcast Corp.*, 2006 U.S. Dist. LEXIS 7499, at *2-*3 (E.D. Pa. 2006) ("*Schwartz II*"). (indicating that the court reached a final determination regarding the adequacy of Class citizenship following jurisdictional discovery, which even permitted plaintiff to amend existing interrogatories). In fact, these cases are the very same holdings that the Verizon Defendants have relied upon in their attempts to challenge Plaintiff's claims. *See, e.g.,* Exhibit "B" at 8-10 (*citing Jones*, 2016 U.S. Dist. LEXIS 51397, at *2-*3; *Schwartz II*, 2006 U.S. Dist. LEXIS 7499, at *3).[4]

Instantly, and as discussed in Plaintiff's Motion for Leave to Take Jurisdictional Discovery, Defendants have challenged Plaintiff's assertion of the local controversy exception to CAFA jurisdiction in two distinct ways: (1) arguing that Plaintiff has not demonstrated that two-thirds of the Class are Pennsylvania citizens; and (2) arguing that only Verizon Online, LLC's conduct is implicated by Plaintiff's claims (and not Verizon PA). *See, e.g.,* Exhibit "B" at 6-16. Yet, Verizon's extreme demand that Plaintiff's Motion to Remand must be denied and dismissed immediately belies both the settled state of Third Circuit precedent discussed above, and impermissibly enlarges the factual state of Plaintiff's case at this early stage in the proceeding. Assuming, *arguendo*, that the most-basic of Verizon's premises is true (*i.e.*, that Plaintiff's current allegations are insufficient, alone, to justify the applicability of the local controversy exception), the proper result to Verizon's assertions is not outright denial of Plaintiff's Motion to Remand but full and fair discovery.

---

[4] As noted in the motion accompanying this memorandum, this is the very same case law that the Verizon Defendants have relied upon in their opposition to Plaintiff's Motion to Remand.

Verizon's arguments regarding the putative citizenship of the Class members that Plaintiff represents boils down to an allegation that because Plaintiff's class description states "Pennsylvania residents" and not "Pennsylvania citizens" that Plaintiff is incapable of adducing sufficient evidence to establish the required two-thirds threshold under CAFA. *See*, *e.g.*, Exhibit "B" at 6. This overtly talismanic argument ignores the fact that Plaintiff utilized the terms "residents" and "citizens" interchangeably throughout his Complaint (*i.e.*, the number of references to "Pennsylvania citizens" and "Pennsylvania residents" is identical, and come in paragraphs subsequent to one another). *See*, *e.g.*, Exhibit "A" at ¶¶ 58-59. However, even setting that aside, Defendants' argument completely obfuscates the well-settled point of law that proof of residence constitutes *prima facie* evidence of domicile and creates a rebuttable presumption of such in that residential forum. *See*, *e.g.*, *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) ("Where one lives is *prima facie* evidence of domicile . . . .") (*citing District of Columbia v. Murphy*, 314 U.S. 441 (1941)), *see also*, *e.g.*, *Anthony v. Small Tube Mfg. Corp.*, 535 F. Supp. 2d 506, 515 (E.D. Pa. 2007) ("[T]he place where an individual lives creates a rebuttable presumption of domicile.") (*citing Murphy*, 314 U.S. at 455). Regardless of whether or not that rebuttable presumption is sufficient for the purposes of carrying Plaintiff's burden pursuant to the local controversy exception to CAFA, it certainly qualifies as sufficient to carry Plaintiff's substantially lower burden applicable to jurisdictional discovery. *See*, *e.g.*, *Schwartz I*, 2005 U.S. Dist. LEXIS 15396, at *26 ("In the instant case, [the corporation-defendant] has control over the information that would establish the citizenship of the various members of [plaintiff's] proposed class. I will, therefore, allow [plaintiff] to engage in limited discovery with respect to this jurisdictional question.").

Specifically, Plaintiff will request, among other things, various and sundry data related to the residential / commercial addresses of potential class members, via the proposed discovery requests

attached hereto as Exhibit "E." As noted in Verizon's Notice of Removal, Verizon seems more than capable of readily and accurately locating and identifying those of its Pennsylvania customers that are implicated by Plaintiff's claims. *See, e.g.*, Exhibit "C" at ¶ 12 (stating that approximately 139,827 of its Pennsylvania customers are implicated by Plaintiff's claims within a discrete time span). Moreover, rather than argue that it is incapable of producing such information, Verizon confines its arguments regarding such putative data to specious and thin claims that such data will not avail Plaintiff—nothing could be further from the truth. In their Brief in Opposition to Remand, the Verizon Defendants assert that they should not have to provide customer information in order to permit Plaintiff to establish the residency of putative Class members because that information, alone, is allegedly not dispositive. *See, e.g.*, Exhibit "B" at 12 (citing *Jones*, 2016 U.S. Dist. LEXIS 51397, at *5). Verizon's pre-emptive attempts to foreclose proper jurisdictional discovery is deeply unavailing and finds support in the precedent that they rely upon. *See, e.g., Jones*, 2016 U.S. Dist. LEXIS 51397, at *1-*2, *5-*6 (establishing that a judicial determination regarding jurisdiction took place **after** jurisdictional discovery). Simply put, Plaintiff does not intend for the residential information that is exquisitely and uniquely in the possession of Verizon to stand as proof of the putative Class' citizenship on its own but, rather, to form the basis of Plaintiff's jurisdictional inquiries via sampling, a statistical method of evaluation that has been specifically endorsed by the Third Circuit in the context of CAFA. *See, e.g., Vodenichar*, 2013 U.S. Dist. LEXIS 49111, at *11-*12 (endorsing sampling of residential data and comparison to voting registration data to establish citizenship pursuant to the local controversy exception to CAFA), *aff'd*, 733 F.3d 497 (3d Cir. 2013); *see also, e.g., Jones*, 2016 U.S. Dist. LEXIS 51379, at *9-*11, n.17 (holding that "a proper sampling technique" may be utilized to establish citizenship) (*citing Vodenichar*, 733 F.3d 497, 507 ("[T]here is no dispute that more than two-thirds of the class members are citizens of Pennsylvania.")).

Specifically, it is Plaintiff's intention to utilize the residential information provided by Verizon as the basis for determining citizenship based on the factors endorsed for the determination of domicile.[5] Disgorgement of Verizon's records is merely the initial step required for Plaintiff to establish the applicability of the local controversy exception, **not** Plaintiff's final offer of proof.

In addition to its claims challenging the citizenship of the Class Plaintiff represents, Verizon has also raised claims alleging that the conduct of Verizon PA is not related to Plaintiff's claims, and that Verizon Online, LLC, instead, is the only corporate entity implicated by Plaintiff's claims. *See, e.g.*, Exhibit "B" at 13 ("Verizon Online LLC is the only defendant whose alleged conduct forms a significant basis for Plaintiff's claims, and it is not a local defendant."). As such, Verizon is essentially arguing that because Verizon PA is allegedly not directly responsible for administering the lease program of Verizon's set-top boxes, its conduct cannot form a "significant basis" of Plaintiff's claims pursuant to the local controversy exception to CAFA. As an initial matter, this argument betrays a fundamental misunderstanding of the nature of Plaintiff's claims, which do **not** rely solely upon the literal leasing of the set-top boxes. Rather, it is Verizon's systematic deception that attended their Pennsylvania customers' respective decisions to lease multiple set-top boxes that are directly implicated by Plaintiff's claims. The lease agreements that Verizon Online, LLC purports to exercise exclusive purview over are not the foundation of Plaintiff's UTPCPL claims, but merely the result of Verizon's deceptive conduct. *See, e.g.*, Exhibit "A" at ¶ 53 ("Verizon's deceptive conduct took the form of Verizon's **representations**, primarily and by-and-through its employees and/or agents. Customers wishing to purchase FiOS service were required to lease multiple set-top boxes in order to access FiOS programming on multiple televisions. In so doing, Verizon deceptively

---

[5] "In determining whether a party has intended to establish a domicile in the state to which he has moved, the factfinder will look to such circumstances as his declarations, exercise of political rights, payment of personal taxes, house of residence, and place of business." *Mitchell v. U.S.*, 88 U.S. 350, 353 (1874).

obfuscated the state of its technology, obscured the availability of third-party equipment alternatives, and collective lucrative fees at the expense of its clientele.").

However, despite being inapposite and bereft of merit, Verizon's argument regarding the respective corporate characters of Verizon PA[6] and Verizon Online, LLC have raised questions that Plaintiff submits cannot be reasonably disposed of without jurisdictional discovery related to the specific duties, obligations, and purviews of the respective corporate actors implicated by Plaintiff's claims. Even assuming, *arguendo*, that Plaintiff's citations to *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 156 (3d Cir. 2009) stand for the general proposition that a plaintiff must compare the activities of respective defendant-corporations for the purposes of the local controversy's "significant basis" prong, Plaintiff is unable to engage in an accurate and reasonable comparison without the assistance of full and fair jurisdictional discovery.[7] The ultimate result of Verizon's and Plaintiff's competing averments regarding which corporate entity ultimately bears responsibility for the customer's acceptance of a leasing policy is to create a question that will yield, not to guesswork and one-sided bluster, but a clear-eyed review of salient facts under the auspices of discovery. Plaintiff's claims have certainly pleaded with "reasonable particularity" that Verizon PA's conduct forms a "significant basis" of the corporate conduct at-issue in this case, which is sufficient to

---

[6] In Plaintiff's Motion to Remand, sworn testimony offered by a corporate officer of Verizon PA pursuant to the pains and penalties of perjury was adduced demonstrating that Verizon PA is actually corporate citizen of Pennsylvania. *See*, *e.g.*, Exhibit "D." This sworn testimony runs in direct conflict to Verizon's initial claims that Verizon PA is, somehow, also a corporate citizen of Delaware and New York. *See*, *e.g.*, Exhibit "B" at ¶ 14. Quizzically, and despite the imperative importance of citizenship in the context of CAFA jurisdiction and the local controversy exception, Verizon has offered no substantive response to Plaintiff's arguments regarding VP Carl E. Erhart's sworn testimony on this matter. In the interest of finality, and to avoid future delay on this particular issue, Plaintiff is also requesting jurisdictional discovery related to this issue.

[7] These issues of corporate character also include the related averments raised in Plaintiff's Motion to Stay and Compel Arbitration, and the various sworn statements adduced by Verizon in this case, including but not limited to, Assistant Secretary J. Daniel Mason, Manager Cindy Cumba-Ruiz, Senior Manager Douglas Collins, and Assistant Secretary Veronica C. Glennon.

trigger discovery pursuant to the case law discussed above. Tellingly, the Verizon Defendants have **not** asserted that Plaintiff's claims are "frivolous," but have merely sought to substitute a different corporate defendant for Verizon PA in an attempt to undermine Plaintiff's claims related to the local controversy exception to CAFA. Such an argument is insufficient to deny Plaintiff access to jurisdictional discovery.

### V. CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that this Honorable Court grant Plaintiff's Motion for Leave to Take Jurisdictional Discovery.

Respectfully submitted,

ANAPOL WEISS

/s/ David S. Senoff
Sol H. Weiss, Esquire (No. 15925)
David S. Senoff, Esquire (No. 65278)
Clayton P. Flaherty, Esquire (No. 319767)

One Logan Square
130 N. 18th Street, Suite 1600
Philadelphia, PA 19103
(215) 383-2745 Phone
(215) 875-7716 Fax
sweiss@anapolweiss.com
dsenoff@anapolweiss.com
cflaherty@anapolweiss.com

Dated: January 17, 2017