IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER KELLY, individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VERIZON PENNSYLVANIA, LLC, VERIZON ONLINE PENNSYLVANIA PARTNERSHIP, and VERIZON PENNSYLVANIA,<br><br>Defendants. | Civil Action No. 16-cv-05672 |

## AMENDED NOTICE OF REMOVAL

Defendants Verizon Pennsylvania, LLC and Verizon Online LLC (as successor to Verizon Online Pennsylvania Partnership) (collectively, "Verizon"), pursuant to 28 U.S.C. § 1441, hereby remove this action to this Court from the Court of Common Pleas of Philadelphia County. This action is within the original jurisdiction of this Court and properly removed based on the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332, 1446, and 1453. Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal will be served upon counsel for Plaintiff Christopher Kelly ("Plaintiff") and filed with the Office of Judicial Records of the Court of Common Pleas for the County of Philadelphia, as an exhibit to a Notice to State Court of Removal to Federal Court.

### PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

1. On September 28, 2016, Plaintiff commenced this action by filing a putative class action Complaint against Verizon Pennsylvania, LLC, Verizon Online Pennsylvania Partnership, and "Verizon Pennsylvania" (collectively, "Defendants") in the Court of Common Pleas for

Philadelphia County, captioned *Christopher Kelly v. Verizon Pennsylvania, LLC, et al.*, Case No. 16-0903521.

2. Verizon Pennsylvania, LLC received a copy of the Complaint on October 4, 2016. Verizon Online LLC received a copy of the Complaint on October 3, 2016. The Complaint is the initial pleading setting forth the claim for relief upon which this action is based. Accordingly, this Notice is timely pursuant to 28 U.S.C. § 1446(b). Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Verizon in this action are attached to this Notice as Exhibit A.

3. The Court of Common Pleas for the County of Philadelphia is located within the Eastern District of Pennsylvania. 28 U.S.C. § 110. This Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

## ALLEGATIONS OF THE COMPLAINT

4. This is a putative class action on behalf of Plaintiff and other customers of Verizon.

5. Plaintiff alleges, *inter alia*, that Verizon "required" its customers to lease multiple "set-top boxes" to utilize FiOS Quantum programing on multiple televisions but that more than one set-top box is not technologically required in order to access FiOS Quantum programing on multiple televisions, and that Verizon does not disclose to its customers the alleged availability of third-party alternatives to leasing Verizon set-top boxes. (Compl. ¶¶ 2-8);

6. Plaintiff seeks to represent the following putative class: "All Pennsylvania residents who are current or former customers of Defendant Verizon, who purchased FiOS with Quantum, and who have paid rental charges for the use of more than one so-called 'set-top' box to Defendant Verizon at any time from September 2011 to the present." (*Id.* ¶ 58.)

7. On behalf of Plaintiff and the putative class, the Complaint attempts to state claims for: (1) violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Stat. § 201-1, *et seq*. ("UTPCPL"); and (2) injunctive relief. (*Id*. ¶¶ 65-81.)

8. The Complaint seeks, *inter alia*, (i) "actual and statutory damages for each instance of unfair or deceptive conduct, including, but not limited to, each instance when Verizon obfuscated the availability of third-party equipment alternatives to Verizon's set-top boxes, and/or improperly required Plaintiff and the class to lease multiple set-top boxes"; (2) declaratory and injunctive relief; (3) an accounting; (4) treble damages; (5) attorneys' fees and costs; and (6) interest. (*Id*. at pp. 26, 29.)

9. Verizon disputes Plaintiff's allegations, denies that the Complaint has merit, denies that the Class is certifiable, and denies that Plaintiff or the putative class has been harmed in any way.

## BASIS FOR REMOVAL

10. This action is within the original jurisdiction of this Court, and removal is proper under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), which grants district courts original jurisdiction over putative class actions, involving over 100 putative class members, where any member of the putative class of plaintiffs is a citizen of a State different from any Defendant, and in which the amount in controversy in the aggregate exceeds $5 million. As set forth below, this action satisfies each of the requirements of § 1332(d)(2) for original jurisdiction under CAFA.

**Putative Class Action.**

11. This action meets the CAFA definition of a class action, which is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure." 28 U.S.C. §§ 1332(d)(1)(B), 1453(a) & (b). Plaintiff seeks certification of a

3

class under Pa.R.C.P. 1701, *et seq.*, Pennsylvania's analog to Fed. R. Civ. P. 23.  (*See* Compl. ¶ 57.)

### Class Consisting of More than 100 Members.

12.     Verizon Online LLC has charged more than 100 customers for multiple set-top boxes in connection with residential FiOS Quantum services in Pennsylvania.  In fact, according to Verizon Online LLC's records, during a portion of the claimed class period,[1] approximately 139,827 customers leased more than one set-top box in connection with their residential FiOS Quantum services in Pennsylvania.  Accordingly, the aggregate number of members of the proposed class is greater than 100 persons for purposes of 28 U.S.C. § 1332(d)(5)(B).

### CAFA Diversity.

13.     The required diversity of citizenship under CAFA is satisfied because "any member of a class of Plaintiffs is a citizen of a State different from any Defendant." 28 U.S.C. § 1332(d)(2)(A).

14.     Defendant Verizon Online Pennsylvania Partnership was merged into Verizon Online LLC in June 2013 and ceased to exist as of that date.[2]  Verizon Online LLC, the surviving entity, is a Delaware limited liability company and maintains its principal place of business in New Jersey.

15.     A diligent search of Verizon's affiliated corporate records confirms that no unincorporated business entity called "Verizon Pennsylvania" exists, nor has ever existed, within the Verizon corporate structure.  Because "Verizon Pennsylvania" is not an existing entity, it has

---

[1] The putative class period runs from September 2011 to the present (Compl., ¶ 58), but the services at issue, FiOS Quantum, have only been commercially available since mid-2014. The information presented in this paragraph is based on data available from June 2015 to September 2016.

[2] Verizon reserves the right to challenge the way in which Plaintiff has identified the various defendants and Plaintiff's inclusion of improper parties as defendants.

no effect on the diversity jurisdiction of this Court. *See*, *e.g.*, *Davis v. OneBeacon Ins. Grp.*, 721 F. Supp. 2d 329, 337 (D.N.J. 2010) ("[A] defendant that is a non-existent business entity is not required to join in or consent to the removal of a case, nor is the citizenship of the non-existent entity considered for purposes of complete diversity of citizenship.") (quoting *Newsom v. Caliber Auto Transfer of St. Louis, Inc.*, 2009 WL 4506298, *2, (S.D.Ill. Nov. 26, 2009)); *Taylor v. Piggly Wiggly of Bay Minette, Ala.*, No. 12-cv-0320-W, 2012 WL 3555576, *3 (S.D. Ala. Aug. 16, 2012) ("the naming of a nonexistent entity cannot destroy diversity."); *see also Bernsten v. Balli Steel, PLC*, No. 08-cv-62, 2008 WL 862470, *6 (E.D. Pa. Mar. 31, 2008) (non-existent alleged joint venture did not need to join in removal application).

16. Upon information and belief, the Plaintiff is a citizen of Pennsylvania.

17. Along with other members of the alleged putative class, Plaintiff is not a citizen of the same states as Verizon Online LLC. Accordingly, at least one proposed class member (Plaintiff) is a citizen of a state different from a defendant, thus satisfying the minimal diversity requirements of 28 U.S.C. § 1332(d)(2)(A).

**Amount in Controversy.**

18. Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(d)(2), (d)(6). Without conceding any merit to the Complaint's allegations or causes of action, the amount in controversy satisfies this jurisdictional threshold because under Plaintiff's theories of recovery the amount in controversy exceeds $5 million.

19. The Complaint alleges that, "[a]t all times relevant hereto, Verizon charges a monthly leasing fee in connection with [set-top boxes] that ranges from $9.99 to $12.00" and

that "Verizon currently charges $12.00 per month for a customer's first set-top box, and $10.00 per month for each additional box." (Compl., ¶¶ 22, 36.)

20. Plaintiff further alleges that, "[s]ince his service contract began in August 2014, Plaintiff consistently has been charged $19.98 every month for the two set-top boxes. . . . After approximately two years of service, Plaintiff has paid a total of $479.52 in lease charges, alone, for the two set-top boxes." (*Id*. at ¶¶ 49-50.)

21. Plaintiff further alleges that his claim is "typical" of the putative class members' claims. (*Id*. at ¶ 60.)

22. According to Verizon Online LLC's records, during the period December 2015 through September 2016 (a portion of the putative class period), Verizon Online LLC leased approximately 2,870,014 additional set-top boxes (excluding the first set top box), month over month, associated with FiOS Quantum services at Pennsylvania residences. Because Plaintiff alleges that customers were charged $10.00 per month for each additional set top box (Compl., ¶¶ 22, 36), the amount in controversy exceeds approximately $28,700,140.

23. Plaintiff asserts a claim under the UTPCPL, which permits recovery of treble damages and attorneys' fees. 73 Pa. Stat. § 201-9.2.

24. Accordingly, the amount in controversy exceeds the $5 million threshold.

25. Plaintiff also seeks "a declaration that Verizon has violated – and continues to violate – Pennsylvania law, including, but not limited to, the UTPCPL" (Compl., ¶ 80) and injunctive relief "to remedy Verizon's violations of the UTCPL [*sic*]." (*Id.* at p. 29.) The value of this relief also counts towards the amount in controversy. *See Spock v. David*, 469 F.2d 1047, 1052 (3d Cir. 1972) ("In cases where there is no adequate remedy at law, the measure of jurisdiction is the value of the right sought to be protected by injunctive relief").

26. For purposes of removal "the question is not what damages the Plaintiff will recover, but what amount is 'in controversy' between the parties.'" *Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446, 448 (7th Cir. 2005) ("That the Plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the Plaintiff will fail and the judgment will be zero) does not prevent removal."). While Verizon disputes that it is liable to Plaintiff or the putative class, or that Plaintiff or the putative class suffered any injury or incurred damages in any amount whatsoever, or that any class is certifiable, for purposes of satisfying the jurisdictional prerequisites of CAFA, the matter in controversy exceeds $5 million.

**No Joinder Necessary.**

27. Defendants Verizon Pennsylvania, LLC and Verizon Online LLC jointly file this notice of removal. The other named defendant, "Verizon Pennsylvania" (which does not exist), is not required to consent to removal based on CAFA. *See* 28 U.S.C. § 1453(b) ("A class action . . . may be removed by any defendant without the consent of all defendants.").

## RESERVATION OF RIGHTS AND DEFENSES

28. By filing this Notice of Removal, Verizon does not waive any defenses that may be available to it and reserves all such defenses. In addition, Verizon does not waive its right to compel arbitration of this dispute pursuant to the parties' contract, nor does Verizon concede that plaintiff states any claim upon which relief can be granted, or that plaintiff is entitled to any relief of any nature. Nonetheless, Plaintiff's claims, as pleaded in the Complaint at the time of removal, "whether well or ill founded in fact, fixes the right of the defendant to remove." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 202 U.S. 283, 294 (1938).

29. If any challenges to the propriety of the removal of this action arise, Verizon respectfully requests the opportunity to present oral argument.

WHEREFORE, Verizon hereby removes this Action to this Court from the Court of Common Pleas for the County of Philadelphia.

/s/  Brian T. Feeney
Brian T. Feeney
GREENBERG TRAURIG, LLP
2700 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103

-and-

Philip R. Sellinger
Eric D. Wong
GREENBERG TRAURIG, LLP
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932
(973) 360-7900
(973) 301-8410 (fax)

*Attorneys for Defendants*
*Verizon Pennsylvania, LLC and*
*Verizon Online LLC (as successor to Verizon*
*Online Pennsylvania Partnership)*

Dated:  February 26, 2018