IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER KELLY, individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VERIZON PENNSYLVANIA, LLC, VERIZON ONLINE PENNSYLVANIA PARTNERSHIP, and VERIZON PENNSYLVANIA,<br><br>Defendants. | Civil Action No. 2:16-cv-05672-MSG |

**SUR-REPLY BRIEF OF DEFENDANTS VERIZON PENNSYLVANIA LLC AND VERIZON ONLINE LLC IN OPPOSITION TO PLAINTIFF'S SECOND RENEWED MOTION TO REMAND**

Brian T. Feeney
GREENBERG TRAURIG, LLP
2700 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103

-and-

Philip R. Sellinger
Eric D. Wong
GREENBERG TRAURIG, LLP
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932
(973) 360-7900
(973) 301-8410 (fax)

Attorneys for Defendants
Verizon Pennsylvania LLC and
Verizon Online LLC (as successor to Verizon
Online Pennsylvania Partnership)

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

      I.       PLAINTIFF ADMITS THAT HE INTENDED TO SUE THE ENTITY VERIZON ONLINE PENNSYLVANIA PARTNERSHIP .................................... 2

      II.      PLAINTIFF URGES THE COURT TO APPLY AN INCORRECT STANDARD TO SUPPORT HIS CITIZENSHIP ARGUMENT .......................... 4

      III.     PLAINTIFF URGES THE COURT TO APPLY THE INCORRECT STANDARD TO THE SIGNIFICANT BASIS REQUIREMENT ........................ 6

CONCLUSION .............................................................................................................................. 7

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Anthony v. Small Tube Mfg. Corp.*,
 535 F. Supp. 2d 506 (E.D. Pa. 2007) ...........................................................................................6

*Jones v. EEG, INC.*,
 No. 15-cv-5018, 2016 WL 1572901 (E.D. Pa. Apr. 18, 2016) ................................................4, 5

*Kaufman v. Allstate New Jersey Ins. Co.*,
 561 F.3d 144 (3d Cir. 2009) ....................................................................................................6, 7

*In re Sprint Nextel Corp.*,
 593 F.3d 669 (7th Cir. 2010) .......................................................................................................5

*Torre v. CleanNet, U.S.A., Inc.*,
 No. 14-cv-2818, 2014 WL 5591037 (E.D. Pa. Nov. 4, 2014) .....................................................6

*Vodenichar v. Halcon Energy Properties, Inc.*,
 733 F.3d 497 (3d Cir. 2013) .........................................................................................................6

**Statutes**

28 U.S.C. § 1332 ..............................................................................................................................6

**PRELIMINARY STATEMENT**

In a last-ditch effort to wrestle jurisdiction away from this Court, Plaintiff has, yet again, introduced another string of shifting arguments on reply, necessitating a sur-reply. Each new argument undermines Plaintiff's positions and highlights why remand cannot be granted.

First, Plaintiff finally admits that he sued Verizon Online Pennsylvania Partnership because it was identified in the parties' contract, and the undisputed record establishes that the entity identified in the contract was a partnership whose successor, Verizon Online LLC, is of diverse citizenship from Plaintiff. Both the Complaint and the record now show that Plaintiff sued the partnership, and that his belated assertion that he sued a fictitious name is wrong. Plaintiff's admission that he sued the entity identified in the contract establishes that minimal diversity is present here.

Second, Plaintiff urges this Court to ignore his failure to prove that at least two-thirds of the members of the putative class are citizens of Pennsylvania, and instead apply "common sense" to assume that that requirement is established. The law, however, requires that Plaintiff submit evidence of domicile, and he has failed to do so. Thus, his new argument amounts to a request that this Court find citizenship because the putative class is limited to residents of Pennsylvania, an argument that equates citizenship to residency and is thus contrary to law.

Third, because the evidence shows that non-local defendant Verizon Online LLC and other non-parties engaged in the alleged conduct that forms the basis of Plaintiff's claims, while local defendant Verizon Pennsylvania LLC's conduct bears no relation to Plaintiff's claims, Plaintiff urges the Court to assume Verizon Pennsylvania LLC's alleged liability. However, Plaintiff applies the wrong test: such an assumption is only applicable in determining the "primary defendant" element of the home state exception, which is not at issue here. Plaintiff's argument ignores the well-established law that, when determining whether the alleged conduct of

a defendant is a significant basis of the claims asserted for purposes of the local controversy exception at issue here, such conduct may not be assumed but rather requires a factual comparison of the defendants' respective conduct. The comparison between the conduct of Verizon Pennsylvania LLC and Verizon Online LLC on the record here fails to establish that Verizon Pennsylvania LLC's conduct is a significant basis for Plaintiff's claims.

## ARGUMENT

I. **PLAINTIFF ADMITS THAT HE INTENDED TO SUE THE ENTITY VERIZON ONLINE PENNSYLVANIA PARTNERSHIP**

Plaintiff finally admits that he sued Verizon Pennsylvania LLC and Verizon Online Pennsylvania Partnership because they "were the entities specifically included in the Verizon Residential Terms of Service." Pl. Reply at 2. This admission demonstrates further what Plaintiff's Complaint[1] makes clear, that minimal diversity is present here. It does not support Plaintiff's illogical assertion that he intended to name Verizon Pennsylvania LLC and its fictitious name. *Id.* at 3.

The parties to the Terms of Service are Plaintiff and the "Verizon affiliates . . . identified in Exhibit A" to the contract. Dkt. No. 94 Ex. W, at 1. Exhibit A specifically delineates those entities' respective roles to explain that Verizon Pennsylvania LLC was the "Verizon affiliate providing video service" (which is not at issue here) and Verizon Online Pennsylvania Partnership was the "Verizon internet service affiliate providing equipment." Dkt. No. 94 Ex. W, at Ex. A. Nothing in the contract states or indicates that the reference to Verizon Online Pennsylvania Partnership was to a fictitious name. Defendants' corporate designee's testimony

---

[1] The Complaint specifically identifies Verizon Online Pennsylvania Partnership as a "partnership and unincorporated business entity," and does not characterize it as a fictitious name. Contravening his own allegations, Plaintiff expressly argued in his moving brief that he named "the Pennsylvania fictitious name VOPP" in the Complaint. Dkt. No. 94-1, at 9. After Defendants pointed out that the Complaint identifies a partnership and not a fictitious name (Dkt. No. 96, at 11 n.6), Plaintiff now attempts to argue that he "named the Pennsylvania fictitious entity VOPP." Pl. Reply at 3. This semantic change (from "fictitious name" to "fictitious entity") does nothing to address the undisputed fact that Plaintiff expressly sued the "partnership and unincorporated business entity" Verizon Online Pennsylvania Partnership.

in response Plaintiff's counsel's questions on this specific issue further confirms that "Verizon Online Pennsylvania Partnership" referenced in the parties' contract was not a fictitious name, but instead the partnership entity that was merged into Verizon Online LLC, the diverse defendant here. *See* Dkt. No. 94 Ex. C (Deposition of Veronica Glennon), at 74:9-24 (Q. . . . So, although [the contract] says Verizon Online Pennsylvania Partnership, the Verizon internet service affiliate providing equipment that's listed here . . . is now Verizon Online, LLC? A. Correct.").

Indeed, the contract that Plaintiff now admits he referred to when identifying the entities to sue in this action lists the separate Verizon affiliated entities responsible for providing set-top boxes in each of the states where Verizon operates:

**Exhibit A**

| Location | VERIZON AFFILIATE PROVIDING VIDEO SERVICE | VERIZON INTERNET SERVICE AFFILIATE PROVIDING EQUIPMENT |
|---|---|---|
| California | Verizon California Inc. | Verizon Online LLC |
| Florida | Verizon Florida LLC | Verizon Online LLC |
| Delaware | Verizon Delaware LLC | Verizon Online LLC |
| Maryland | Verizon Maryland Inc. | Verizon Online - Maryland LLC |
| Massachusetts | Verizon New England Inc. | Verizon Online LLC |
| New Jersey | Verizon New Jersey Inc. | Verizon Online LLC |
| New York | Verizon New York Inc. | Verizon Online LLC |
| Pennsylvania | Verizon Pennsylvania LLC | Verizon Online Pennsylvania Partnership |
| Rhode Island | Verizon New England Inc. | Verizon Online LLC |
| Texas | GTE Southwest Incorporated | Verizon Online LLC |
| Virginia (with exception) | Verizon Virginia Inc. | Verizon Online LLC |
| Dumfries, Chesapeake, City of Manassas, City of Manassas Park, Occoquan, Stafford Connecticut, Quantico and Prince Williams County, VA | Verizon South Inc. | Verizon Online LLC |

3

[Dkt. No. 94 Ex. W, at Ex. A.]

Clearly, this is not a list of entities and their fictitious names: if the contract intended to refer to the same company as providing both the FiOS service and the equipment, there would be no purpose in having separate columns for the same company. The only purpose for having separate columns was to distinguish the FiOS service provider from the equipment provider. Plaintiff's argument that the equipment provider, in the second column, was simply a fictitious name for the service provider, in the first column, is disingenuous and does not hold water. Plaintiff's new admission that he intended to name the "entity" identified in the parties' contract establishes that he intended to sue the partnership Verizon Online Pennsylvania Partnership. That entity's successor is diverse from Plaintiff, establishing minimal diversity.

## II. PLAINTIFF URGES THE COURT TO APPLY AN INCORRECT STANDARD TO SUPPORT HIS CITIZENSHIP ARGUMENT

Because no admissible evidence establishes that at least two-thirds of the putative class members are citizens of Pennsylvania, Plaintiff urges this Court to ignore his failure of proof and instead apply "common sense." Pl. Reply, at 8. The very case Plaintiff cites, however, makes clear that an appeal to common sense is impermissible where, as here, it is not supported by evidence of the putative class members' domicile. Indeed, although he relied on *Jones v. EEG, INC.*, No. 15-cv-5018, 2016 WL 1572901 (E.D. Pa. Apr. 18, 2016), to assert a court can "apply common sense assumptions and logical inferences to determine the probable citizenship of a putative class" (Pl. Br. at 5), Plaintiff ignored the holding of that case. In denying remand (for a second time, after jurisdictional discovery regarding the putative class members), the court in *Jones* held that "*[w]e cannot apply 'common sense assumptions' on a record barren of evidence of domicile. . . . As Jones has not presented relevant evidence regarding the domicile*

4

*of any potential class member, we do not have sufficient evidence of domicile to which we could apply our common sense.*" *Id*. at *4 (emphasis added, footnotes omitted).[2]

Here, as in *Jones* (where the plaintiff failed to produce any evidence of domicile), as set forth in Defendants' prior submissions, the only purported "evidence" of any of the putative class member's domicile offered by Plaintiff is inadmissible and unreliable. *See* Dkt. Nos. 72, 73, 89, 90, 91 & 94. Thus, Plaintiff has offered this Court nothing upon which any "common sense" assumption regarding the citizenship of any of the members of the putative class could be made, much less a basis to assume that at least two-thirds of them are citizens of Pennsylvania.

Plaintiff also argues that, "using common sense, where does Defendant believe the locus of citizenship of an entire class of Pennsylvania residents, who subscribe to a Pennsylvania cable company, to be, if not Pennsylvania?" Pl. Reply at 8. This glib argument entirely misses the point. First, acknowledging that there is no actual evidence to support his contentions, Plaintiff has simply reverted back to his initial position proffered in support of his original motion to remand almost two years ago and asserts that citizenship should be presumed based on the definition of the putative class (Pennsylvania residents who purchased Verizon's FiOS Quantum service). As it was then, this argument is contrary to black-letter law. Second, Defendants' belief regarding the citizenship of the members of the putative class simply does not matter. Plaintiff carries the burden of proving each of the elements of the local controversy exception to support his motion to remand. Plaintiff's argument that Defendants should have conducted their own citizenship analysis seeks to turn that well-established rule on its head. At issue here is

---

[2] The *Jones* court relied on the Seventh Circuit's decision in *In re Sprint Nextel Corp.*, 593 F.3d 669 (7th Cir. 2010), which reasoned that such an approach would be "all guesswork. Sensible guesswork, based on a sense of how the world works, but guesswork nonetheless. There are any number of ways in which our assumptions about the citizenship of this vast class might differ from reality. . . . Ultimately, we agree with the majority of district courts that a court may not draw conclusions about the citizenship of class members based on things like their phone numbers and mailing addresses." *Id*. at 674.

whether Plaintiff has proven, with admissible and credible evidence, that at least two-thirds of the putative class members are citizens of Pennsylvania, and he has not done so.

### III. PLAINTIFF URGES THE COURT TO APPLY THE INCORRECT STANDARD TO THE SIGNIFICANT BASIS REQUIREMENT

Unable to answer the mass of evidence establishing that Verizon Pennsylvania LLC was not involved in the alleged conduct that forms the basis of Plaintiff's claim, Plaintiff argues that "'a court tasked with determining whether a defendant is a 'primary defendant' under CAFA should assume liability will be found,' and focus upon which defendants are named in Plaintiff's complaint." *See* Pl. Reply, at 10 (quoting *Torre v. CleanNet, U.S.A., Inc.*, No. 14-cv-2818, 2014 WL 5591037, at *5 (E.D. Pa. Nov. 4, 2014)). However, the *Torre* court did not address the significant basis requirement of the local controversy exception. Rather, it discussed the "primary defendant" requirement of a different exception to CAFA jurisdiction, the home state exception, which is not at issue here. Primary defendants under the home state exception "are those parties that are allegedly directly liable to the plaintiffs, while secondary defendants are those parties sued under theories of vicarious liability or joined for purposes of contribution or indemnification." *Anthony v. Small Tube Mfg. Corp.*, 535 F. Supp. 2d 506, 515-16 (E.D. Pa. 2007). Thus, in connection with that assessment, courts consider the named defendants and assume their liability. *See Vodenichar v. Halcon Energy Properties, Inc.*, 733 F.3d 497, 505 (3d Cir. 2013). That rule has no applicability here.

In contrast, the significant basis requirement of the local controversy exception at issue here "requires a substantive analysis comparing the local defendant's alleged conduct to the alleged conduct of all the Defendants." *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 156 (3d Cir. 2009); *see also id.* at 157 ("Whether the local defendant's alleged conduct is significant cannot be decided without comparing it to the alleged conduct of all the

6

Defendants."); *id*. at 157 n.13 (a court "must in every case still provide a reasoned analysis that focuses on the conduct of the Defendants – local and non-local – as alleged in the complaint."). Indeed, Plaintiff himself expressly relied upon this required comparison to justify his request for jurisdictional discovery more than 18 months ago:

> Plaintiff is unable to engage in an accurate and reasonable comparison without the assistance of full and fair jurisdictional discovery. The ultimate result of Verizon's and Plaintiff's competing averments regarding which corporate entity ultimately bears responsibility for the customer's acceptance of a leasing policy is to create a question that will yield, not to guesswork and one-sided bluster, but a clear-eyed review of salient facts under the auspices of discovery.
>
> [Dkt. No. 23, at 9 (footnote omitted).]

Plaintiff has now had "full and fair jurisdictional discovery" regarding the alleged conduct (or lack thereof) of Verizon Pennsylvania LLC as compared to the alleged conduct of Verizon Online LLC and the other Verizon entities involved, and "a clear-eyed review of salient facts" leads only to the conclusion that Verizon Pennsylvania LLC was not involved in any of the alleged conduct that forms the basis of Plaintiff's claims, and that Plaintiff has failed to prove the elements of the local controversy exception.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Second Renewed Motion to Remand.

Dated: September 5, 2018

GREENBERG TRAURIG, LLP
*Attorneys for Defendants*
*Verizon Pennsylvania LLC and*
*Verizon Online LLC (as successor to Verizon Online Pennsylvania Partnership)*

By: /s/ *Brian T. Feeney*
　　Brian T. Feeney

7