ANAPOLWEISS

David S. Senoff, Esquire
One Logan Square
130 N. 18th Street, Suite 1600
Philadelphia, PA 19103
dsenoff@anapolweiss.com
(215) 790-4550 Direct Dial
(215) 875-7733 Direct Fax

December 19, 2018

**<u>VIA ECF</u>**
The Honorable Mitchell S. Goldberg, Jr.
United States District Court
Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse, Room 7614
601 Market Street
Philadelphia, PA 19106-1741

**RE: Christopher Kelly v. Verizon Pennsylvania, LLC c/o CT Corporation**
**U.S.D.C. for the Eastern District of Pennsylvania, No. 2:16-CV-05672**

Dear Judge Goldberg:

On behalf of Plaintiff Christopher Kelly ("Plaintiff"), we write to respond to Defendants' recent letter regarding Plaintiff's ability to revise the class definition as pled in its Complaint.

First, as Defendants rightly point out, Judge Hochberg's Order denying the plaintiff's motion to remand in *Mayer v. Verizon New Jersey Inc.,* No. 13-3980, Dkt. No. 17 (D.N.J. Feb. 19, 2014) never actually addressed the plaintiff's request to amend its class definition.

Second, unlike <u>all</u> of the cases cited by Defendants in its letter, Plaintiff used both "citizen" and "resident" in its Complaint. For instance, although it was always Plaintiff's intent to represent a uniform Class composed exclusively of Pennsylvania citizens, the Class was mistakenly defined in the Complaint as "[a]ll Pennsylvania residents who are current or former customers of [the Verizon Defendants], who purchased FiOS with Quantum, and who have paid rental charges of more than one so-called 'set-top' box . . . at any time from September 2011 to the present." Docket No. 1, Exhibit A, ¶ 58. However, in the very next paragraph, Plaintiff refers interchangeably to the precise same group of individuals as consisting entirely of "Pennsylvania citizens." *Id.* at ¶ 59. Notably, the terms "residents" and "citizens" appear nowhere else in the Complaint.

Third, while E.D. Pa. Local Rule 23.1 requires the inclusion of a class definition (although Federal Rule of Civil Procedure 23(a) does not), Pa. Rule of Civil Procedure 1702 (the actual rule under which this Complaint was filed) <u>does not</u> require a class definition. Instead, Rule 1702 only requires factual averments supporting the class allegations. Accordingly, Paragraph 59 of the

Complaint, which states, "[t]he proposed class of Pennsylvania citizens who purchased FiOS and Quantum from Verizon are so numerous that joinder of all members in impractical," is just such a fact. Thus, if this Court were to disregard the unnecessary class definition, Plaintiff's Complaint clearly references "citizens" in its factual allegations.

In sum, as the Court itself pointed out during the December 12, 2018 hearing, Plaintiff does not request amending its Complaint to remove or change anything substantive, but only to cure the obvious internal contradiction in the Complaint. What is apparent from the wording of Paragraph 59 is that Plaintiff never intended to do anything other than limit the class to solely Pennsylvania citizens.

Respectfully,

David S. Senoff

DAVID S. SENOFF

DSS/cmm

cc: Brian T. Feeney, Esquire (via ECF)
Bradley A. Nankerville, Esquire (via ECF)
Philip R. Sellinger, Esquire (via ECF)
Eric D. Wong, Esquire (via ECF)